PAGE  5

**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road · San Antonio, Texas 78288

SOUTH CAROLINA AUTO POLICY
RENEWAL DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

ADDL INFO ON NEXT PAGE   MAIL MCH-M-I
RENEWAL OF

| State | 03 | | | Veh | | POLICY NUMBER |
|-------|----|--|--|-----|--|---------------|
| SC | 440 | | | Terr | | 01772 52 65C 7102 7 |

POLICY PERIOD:     (12:01 A.M. standard time)
EFFECTIVE AUG 15 2019 TO FEB 15 2020

OPERATORS
01 MEGAN JENKINS

**Named Insured and Address**

MEGAN JENKINS
712 HEMINGWAY CIR
SUMMERVILLE SC 29483-8052

### Description of Vehicle(s)

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | VEH USE* SYM | WORK/SCHOOL Miles One Way | Days Per Week |
|-----|------|-----------|-------|-----------|----------------|----------------------|--------------|------|------|
| 03 | 13 | TOYOTA | COROLLA | 4D | 12000 | 2T1BU4EEXDC122336 | P | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. * W/C=Work/School; B=Business; F=Farm; P=Pleasure
VEH 03     SUMMERVILLE SC 29483-8052

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES ("ACV" MEANS ACTUAL CASH VALUE) | LIMITS OF LIABILITY | VEH 03 D=DED AMOUNT | 6-MONTH PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|---|
| PART A - LIABILITY | | | | | | | | | |
| BODILY INJURY    EA PER $ | 100,000 | | | | | | | | |
|                  EA ACC $ | 300,000 | | 198.23 | | | | | | |
| PROPERTY DAMAGE EA ACC $ | 100,000 | | 112.39 | | | | | | |
| PART B - PIP | | | | | | | | | |
| PERSONAL INJURY PROTECTION | | | | | | | | | |
| WORK LOSS BENEFIT AND ESSENTIAL | | | | | | | | | |
| SERVICES INCLUDED | | | 36.81 | | | | | | |
| PART C - UNINSURED MOTORISTS | | | | | | | | | |
| BODILY INJURY    EA PER $ | 100,000 | | | | | | | | |
|                  EA ACC $ | 300,000 | | | | | | | | |
| PROPERTY DAMAGE EA ACC $ | 100,000 | D 200 | 33.04 | | | | | | |
| PART C - UNDERINSURED MOTORISTS | | | | | | | | | |
| BODILY INJURY    EA PER $ | 100,000 | | | | | | | | |
|                  EA ACC $ | 300,000 | | | | | | | | |
| PROPERTY DAMAGE EA ACC $ | 100,000 | | 63.30 | | | | | | |
| PART D - PHYSICAL DAMAGE COVERAGE | | | | | | | | | |
| COMPREHENSIVE LOSS    ACV LESS | | D 500 | 62.34 | | | | | | |
| COLLISION LOSS    ACV LESS | | D 500 | 136.42 | | | | | | |
| RENTAL REIMBURSEMENT | | | | | | | | | |
| ECONOMY CLASS | | | 23.32 | | | | | | |

TOTAL PREMIUM - SEE FOLLOWING PAGE(S)

ENDORSEMENTS: ADDED 08-15-19 -   NONE
REMAIN IN EFFECT(REFER TO PREVIOUS POLICY)-   A043(05)   ACCFOR(01)   A402SC(01)
  5100SC(05)
INFORMATION FORMS:   999SC(23)
A1   1

| 03 | RSF33 00000 | | | | | | | | |

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
as this date     JULY 9, 2019

Deneen Donnley Secretary   S. Wayne Peacock, President

5000 C 05-12
53383-05-12
0901119ca560cdf5

PLAINTIFF'S EXHIBIT A

USAA Confidential

ADDL INFO ON NEXT PAGE          PAGE   6

**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road - San Antonio, Texas 78288

SOUTH CAROLINA AUTO POLICY
RENEWAL DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

| State | 03 | | | Veh | | POLICY NUMBER |
|---|---|---|---|---|---|---|
| SC | 440 | | | Terr | | 01772 52 65C 7102 7 |

POLICY PERIOD:          (12:01 A.M. standard time)
EFFECTIVE AUG 15 2019 TO FEB 15 2020

**Named Insured and Address**

MEGAN JENKINS
712 HEMINGWAY CIR
SUMMERVILLE SC 29483-8052

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE | WORK/SCHOOL Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|---|
| 03 | 13 | TOYOTA | COROLLA | 4D | 12000 | 2T1BU4EEXDC122336 | | P | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. W/C=Work/School, B=Business, F=Farm, P=Pleasure
VEH 03    SUMMERVILLE SC 29483-8052

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES       LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 03 6-MONTH | | VEH | | VEH | | VEH | |
|---|---|---|---|---|---|---|---|---|
| | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ |
| PART D - PHYSICAL DAMAGE COVERAGE | | | | | | | | |
| TOWING AND LABOR | | 9.38 | | | | | | |
| OTHER COVERAGES | | | | | | | | |
| ADDL PERSONAL INJURY PROTECTION | | | | | | | | |
| ADDL AGGREGATE LIMIT  $ 9,000 | | | | | | | | |
| WORK LOSS BENEFIT/ESSENTIAL | | | | | | | | |
| SERVICES EXPENSES INCLUDED | | 10.33 | | | | | | |
| | | | | | | | | |
| VEHICLE TOTAL PREMIUM | | 685.56 | | | | | | |

6 MONTH PREMIUM $  715.95
PREMIUM DUE AT INCEPTION. THIS IS NOT A BILL, STATEMENT TO FOLLOW.

$    30.39 IS INCLUDED IN YOUR 6 MONTH PREMIUM FOR ACCIDENT FORGIVENESS.

SC UM ASSESSMENT          $ 2.00

ADDITIONAL MESSAGE(S) - SEE FOLLOWING PAGE(S)

Y 03 RSF33 0000

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas, on this date JULY 9, 2019

Deneen Donnley, Secretary   S. Wayne Peacock, President

5000 C 05-12
53383-05-12

0901119ca560cdf5

USAA Confidential



**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road - San Antonio, Texas 78288
SOUTH CAROLINA AUTO POLICY
RENEWAL DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

| State | | Veh | **POLICY NUMBER** |
|---|---|---|---|
| SC | | Terr | 01772 52 65C 7102 7 |

POLICY PERIOD:   (12:01 A.M. standard time)
EFFECTIVE AUG 15 2019 TO FEB 15 2020

**Named Insured and Address**

MEGAN JENKINS
712 HEMINGWAY CIR
SUMMERVILLE SC 29483-8052

### Description of Vehicle(s)

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE* Miles One Way | WORKBD-OCC Days Per Week |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. (* W/C=Work/School; B=Business; F=Farm; P=Pleasure)

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|
| $   30.39 IS INCLUDED IN YOUR 6 MONTH PREMIUM FOR ACCIDENT FORGIVENESS. | | | | | | | | |

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
on this date JULY 9, 2019

Deneen Donnley Secretary   S. Wayne Peacock, President

5000 C 05-12
53383-05-12
0901119ca560cdf5

USAA Confidential



## SUPPLEMENTAL INFORMATION

### EFFECTIVE AUG 15 2019 TO FEB 15 2020

The following approximate premium discounts or credits have already been applied to reduce your policy premium costs.

NOTE: Age or senior citizen status, if allowed by your state/location, was taken into consideration when your rates were set and your premiums have already been adjusted.

```
VEHICLE 03
    AUTOMATIC PAYMENT PLAN DISCOUNT          -$     18.80
    DAYTIME RUNNING LIGHTS DISCOUNT          -$      3.80
    PASSIVE RESTRAINT DISCOUNT               -$      7.87
    PREMIER DRIVER LEVEL DISCOUNT            -$    142.52
```

**SUPDECCW** Rev. 7-95                    JULY 9, 2019

USAA Confidential

PAGE    9
CIC    01772 52 65    7102

## OFFER OF ADDITIONAL UNINSURED MOTORIST COVERAGE AND
## OPTIONAL UNDERINSURED MOTORIST COVERAGE

Automobile liability insurance coverage pays other motor vehicle drivers and their passengers for the damages caused by you and for which you are legally responsible. There are two types of automobile liability insurance coverage: bodily injury and property damage. Bodily injury coverage pays for bodily injuries to others inflicted by your motor vehicle. Property damage coverage pays for damages which your motor vehicle causes to other motor vehicles or property.

Under South Carolina law, we may refuse to write your automobile liability insurance for a number of reasons. If we decide to write your automobile liability insurance coverage, however, it must provide to you at least $25,000 of bodily injury for each person whom you may injure and $50,000 of bodily injury for two or more persons whom you may injure in any single accident. We must also provide to you at least $25,000 in property damage coverage for each accident which you may cause. You may have seen these limits described as $25,000/$50,000/$25,000 or 25-50-25. These limits are commonly known as minimum limits. In order to drive your automobile upon the roads of this State, you must have at least these minimum limits of insurance, unless you post a satisfactory bond or pay a $550 fee to drive uninsured. There is no requirement that we offer higher than the minimum limits of automobile liability insurance coverage. If we do not offer more than the minimum limits, you will be required to pay an additional premium for those increased limits of protection.

An insurer that writes your automobile liability insurance coverage must also offer two additional coverages which will protect you in the event you are damaged in an automobile accident by an at-fault driver who either has no automobile insurance or whose automobile insurance liability limits are less than your damages in that accident. These coverages are termed additional uninsured motorists coverage and optional underinsured motorists coverage, respectively. You may also see them referred to as UM and/or UIM. If you decide to purchase either of these coverages, you will be required to pay an additional premium for each of these coverages.

Uninsured motorists coverage compensates you, or other persons insured under your automobile insurance policy, for amounts which you may be legally entitled to collect as damages from an owner or operator of an at-fault uninsured motor vehicle. An uninsured motor vehicle is a motor vehicle which either has no liability insurance coverage or is operated by a hit-and-run driver. By law, your automobile insurance policy automatically provides uninsured motorists coverage of $25,000/$50,000/$25,000. There is a $200 deductible for uninsured property damage claims.

You also have the right to buy additional uninsured motorists coverage, in various limits up to the limits of liability coverage you have purchased. The limits of additional uninsured motorist coverage which we are authorized to write and for which you are eligible are shown on this form, together with the additional premium for those increased limits. You may not purchase uninsured motorist coverage with limits in excess of your liability limits.

Underinsured motorists coverage compensates you, or other persons insured under your automobile insurance policy, for amounts which you legally may be entitled to collect as damages from an owner or operator of an at-fault underinsured motor vehicle. An underinsured motor vehicle is a motor vehicle which is covered by some form of liability insurance, but which is insufficient to fully compensate you for your damages.



0901119ca560cdf5

USAA Confidential

PAGE  10
CIC      01772 52 65      7102

Your automobile insurance policy does not automatically provide any underinsured motorists coverage. However, you have the right to buy, and we are required to offer, optional underinsured motorists coverage in various limits up to the limits of liability coverage you have purchased. The limits of optional underinsured motorists coverage which we are authorized to write and for which you are eligible are shown on this form, together with the additional premiums for those limits. You may not purchase underinsured motorist coverage with limits in excess of your liability limits.

If you reject optional underinsured or additional uninsured motorist coverages shown on this form and if you are involved in an automobile accident that is not your fault, this form may be used by us as evidence against you if you make a claim for additional uninsured motorists coverage or optional underinsured motorists coverage.

If you do not complete this form and return it to us within 30 days, we are required by law to add additional uninsured motorists coverage and optional underinsured motorist coverage, in the same limits as the automobile liability insurance, to your automobile insurance policy. You will be required to pay an additional premium for each of these coverages and your policy may be cancelled for non-payment of that additional premium.

In the future, if you wish to increase or to decrease your limits of additional uninsured motorist coverage or optional underinsured motorist coverage, you must contact us. You will not be presented with another copy of this form by us upon renewal of your automobile liability insurance policy. You will not be presented with another copy of this form by us when you extend, change, supersede, or replace your automobile liability insurance policy. You may also complete this form online at usaa.com.

Please read this form carefully. We must answer any questions which you may have. If you have any questions, please call Policy Service at 1-800-531-USAA (8722).

If you have any further questions, you may contact the Department of Insurance at:

Office of Consumer Services
South Carolina Department of Insurance
1201 Main Street, Suite 1000, Columbia, SC 29201
(803) 737-6180
(800) 768-3467 E-mail address: consumers@doi.sc.gov.

999SC(23) Rev. 06-14
PS.017725265.999SC.07102



0901119ca560cdf5

USAA Confidential

**REJECTION/SELECTION FORM**

Minimum limits of Uninsured Motorists (UM) Coverage are automatically provided. If you wish to purchase additional UM, please select the limit desired. Underinsured Motorists (UIM) coverage is not automatically provided. If you wish to purchase UIM in either the base limit or an additional limit, please select the limit desired. The premiums below reflect the total premium for this coverage for all the vehicles insured on your policy. The coverage-limit combinations displayed in this form are examples. You can create other combinations of the coverage limits displayed in this example.

**THESE LIMITS CANNOT EXCEED YOUR AUTOMOBILE INSURANCE LIABILITY LIMITS.**

(Semi-annual premiums per policy)

To make a change to your current policy, you must check one of the following boxes or enter your desired UM limits:

| UM Premium | | Available Limits UM/UIM/BI    UM/UIM/PD Per person/per accident | | UIM Premium |
|---|---|---|---|---|
| $ | 24.32 | ☐ | $  25,000/$   50,000 /$  25,000 | ☐ | $  38.87 |
| $ | 27.76 | ☐ | $  50,000/$  100,000 /$  25,000 | ☐ | $  47.04 |
| $ | 31.82 | ☐ | $ 100,000/$  200,000 /$  50,000 | ☐ | $  60.86 |
| $ | 33.04 | ☐ | $ 100,000/$  300,000 /$ 100,000 | ☐ | $  63.30 |
| $ | 37.29 | ☐ | $ 300,000/$  500,000 /$ 100,000 | ☐ | $  74.68 |
| $ | 40.94 | ☐ | $ 500,000/$  500,000 /$ 300,000 | ☐ | $  84.18 |
| $ | 42.77 | ☐ | $ 500,000/$1,000,000 /$ 500,000 | ☐ | $  86.77 |
| $ | 45.81 | ☐ | $1,000,000/$1,000,000 /$ 500,000 | ☐ | $ 102.41 |

If you prefer a combination of UM limits other than those shown above, please enter those desired here:

**UM**                (Per person/per accident)

$_____ /$_____ /$_____

**UIM**                (Per person/per accident)

$_____ /$_____ /$_____

☐ I do not wish to purchase additional UM coverage.    ☐ I do not wish to purchase optional UIM coverage.

By my signature, I acknowledge that I have read – or I have had read to me – the above explanations and offers of additional uninsured motorists coverage and optional underinsured motorists coverage. I understand that the above explanations of these coverages are intended only to be brief descriptions of additional uninsured motorist coverage and optional underinsured motorist coverage, and that payment of benefits under either of these coverages is subject both to the terms and conditions of my automobile insurance policy and to the State of South Carolina's law.

I also acknowledge that I have personally marked this form to indicate the coverages and amounts of coverage I wish to purchase. At the time of this signature, no other person has written on, typed in or in any other way marked this form.

USAA Number: _____    Phone Number: _____    Today's Date: _____

Type or Print Your Name: _____

Signature: _____

Address: _____

Please complete this form and fax it to 1-800-531-8877 or mail it to USAA, 9800 Fredericksburg Road, San Antonio, Texas 78288; or complete this form on usaa.com

If this form is sent by facsimile machine (fax), the sender adopts the document USAA receives as a duplicate original and adopts the signature the receiving fax machine produces as the sender's original signature.

**999SC(23)** Rev. 06-14
PS.017725265.999SC.07102



Page 3 of 4

0901119ca560cdf5                    USAA Confidential

LAST PAGE  12
CIC    01772 52 65    7102

THIS PAGE INTENTIONALLY LEFT BLANK



0901119ca560cdf5

USAA Confidential



**USAA**
9800 Fredericksburg Road
San Antonio, Texas 78288

# SOUTH CAROLINA AUTO POLICY

## READ YOUR POLICY, DECLARATIONS AND ENDORSEMENTS CAREFULLY

The automobile insurance contract between the named insured and the company shown on the Declarations page consists of this policy plus the Declarations page and any applicable endorsements. The Quick Reference section outlines essential information contained on the Declarations and the major parts of the policy.

**The policy provides the coverages and amounts of insurance shown on the Declarations for which a premium is shown.**

This is a participating policy. You are entitled to dividends as may be declared by the board of directors.

If this policy is issued by United Services Automobile Association ("USAA"), a reciprocal interinsurance exchange, the following apply:

- By purchasing this policy you are a member of USAA and are subject to its bylaws.

- This is a non-assessable policy. You are liable only for the amount of your premium as USAA has a free surplus in compliance with Article 19.03 of the Texas Insurance Code of 1951, as amended.

- The board of directors may annually allocate a portion of USAA's surplus to Subscriber's Accounts. Amounts allocated to such accounts remain a part of USAA's surplus and may be used as necessary to support the operations of the Association. A member shall have no right to any balance in the member's account except until following termination of membership, as provided in the bylaws.

# QUICK REFERENCE

| | | |
|---|---|---|
| | | **DECLARATIONS PAGE** |
| | | Named Insured and Address
Policy Period
Operators
Description of Vehicle(s)
Coverages, Amounts of
  Insurance and Premiums
Endorsements |
| Beginning on Page | 3 | **Agreement and Definitions** |
| Part A | 4 | **Liability Coverage** |
| | | Definitions
Insuring Agreement
  Bodily Injury Liability Coverage and
  Property Damage Liability Coverage
Limit of Liability
Supplementary Payments
Exclusions
Out of State Coverage
Other Insurance |
| Part B | 7 | **Personal Injury Protection Coverage** |
| | | Definitions
Insuring Agreement
Limit of Liability
Exclusions
Other Insurance |
| Part B | 10 | **Medical Payments Coverage** |
| | | Definitions
Insuring Agreement
Limit of Liability
Exclusions
Other Insurance
Special Provisions |

(Quick Reference continued on Page 2)

0901119ca9572868

USAA Confidential

| Part C 13 | Uninsured Motorists Coverage and Underinsured Motorists Coverage | Part E 23 | General Provisions |
|---|---|---|---|
| | Definitions<br>Insuring Agreement<br>  Uninsured Motorists Coverage<br>  Underinsured Motorists Coverage<br>Limit of Liability<br>Exclusions<br>Other Insurance<br>Non-Duplication<br>Loss Payable Clause | | Bankruptcy<br>Changes<br>Conformity to Law<br>Duties After an Accident or Loss<br>Legal Action Against Us<br>Misrepresentation<br>Non-Duplication of Payment<br>Our Right to Recover Payment<br>Ownership<br>Policy Period and Territory<br>Reducing the Risk of Loss<br>Spouse Access<br>Termination<br>Transfer of Your Interest in this Policy<br>Two or More Auto Policies |
| Part D 18 | Physical Damage Coverage | | |
| | Definitions<br>Insuring Agreement<br>  Comprehensive Coverage<br>  Collision Coverage<br>  Rental Reimbursement Coverage<br>  USAA Roadside Assistance<br>Limit of Liability<br>Payment of Loss<br>Loss Payable Clause<br>Waiver of Collision Deductible<br>Exclusions<br>No Benefit to Bailee<br>Other Sources of Recovery<br>Appraisal | | |

0901119ca9572661

USAA Confidential

# SOUTH CAROLINA AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we will provide the coverages and limits of liability for which a premium is shown on the Declarations.

## DEFINITIONS

The words defined below are used throughout this policy. They are in **boldface** when used.

A. **"You"** and **"your"** refer to the "named insured" shown on the Declarations and spouse if a resident of the same household.

B. **"We," "us,"** and **"our"** refer to the Company providing this insurance.

C. **"Auto business"** means the business of altering, customizing, leasing, parking, repairing, road testing, delivering, selling, servicing, towing, repossessing or storing vehicles.

D. **"Bodily injury"** (referred to as BI).

  1. **"Bodily injury"** means bodily harm, sickness, disease or death.

  2. **"Bodily injury"** does not include mental injuries such as emotional distress, mental anguish, humiliation, mental distress, or any similar injury unless it arises out of physical injury to some person.

E. **"Driving contest or challenge"** includes, but is not limited to:

  1. A competition against other people, vehicles, or time; or

  2. An activity that challenges the speed or handling characteristics of a vehicle or improves or demonstrates driving skills, provided the activity occurs on a track or course that is closed from non-participants.

F. **"Family member"** means a person related to **you** by blood, marriage or adoption who resides primarily in **your** household. This includes a ward or foster child.

G. **"Fungi"** means any type or form of **fungi**, including mold or mildew, and includes any mycotoxins, spores, scents, or byproducts produced or released by **fungi**.

H. **"Miscellaneous vehicle"** means the following motorized vehicles: motor home; golf cart; snowmobile; all-terrain vehicle; or dune buggy.

I. **"Motorcycle"** means a two- or three-wheeled motor vehicle that is subject to motor vehicle licensing in the location where the **motorcycle** is principally garaged.

J. **"Newly acquired vehicle,"**

  1. **"Newly acquired vehicle"** means a vehicle, not insured under another policy, that is acquired by **you** or any **family member** during the policy period and is:

    a. A private passenger auto, pickup, trailer, or van;

    b. A **miscellaneous vehicle** that is not used in any business or occupation; or

    c. A **motorcycle**, but only if a **motorcycle** is shown on the current Declarations.

0901119ca9572161

USAA Confidential

(DEFINITIONS Cont'd.)

2. We will automatically provide for the newly acquired vehicle the broadest coverages as are provided for any vehicle shown on the Declarations. If your policy does not provide Comprehensive Coverage or Collision Coverage, we will automatically provide these coverages for the newly acquired vehicle subject to a $500 deductible for each loss.

3. Any automatic provision of coverage under J.2. will apply for up to 30 days after the date you or any family member becomes the owner of the newly acquired vehicle. If you wish to continue coverage for the newly acquired vehicle beyond this 30-day period, you must request it during this 30-day period, and we must agree to provide the coverage you request for this vehicle. If you request coverage after this 30-day period, any coverage that we agree to provide will be effective at the date and time of your request unless we agree to an earlier date.

K. "Occupying" means in, on, getting into or out of.

L. "Property damage" (referred to as PD).

1. "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

2. For purposes of this policy, electronic data is not tangible property. Electronic data means information, facts or programs:

   a. Stored as or on;

   b. Created or used on; or

   c. Transmitted to or from;

   computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

M. "Trailer" means a vehicle designed to be pulled by a private passenger auto, pickup, van, or miscellaneous vehicle. It also means a farm wagon or implement while towed by such vehicles.

N. "Van" means a four-wheeled land motor vehicle of the van type with a load capacity of not more than 2,000 pounds.

O. "Your covered auto" means:

   1. Any vehicle shown on the Declarations.

   2. Any newly acquired vehicle.

   3. Any trailer you own.

## PART A – LIABILITY COVERAGE

### DEFINITIONS

"Covered person" as used in this Part means:

1. You or any family member for the ownership, maintenance or use of any auto or trailer.

2. Any person using your covered auto.

3. Any other person or organization, but only with respect to legal liability imposed on them for the acts or omissions of a person for whom coverage is afforded in 1. or 2. above. With respect to an auto or trailer other than your covered auto, this provision only applies if the other person or organization does not own or hire the auto or trailer.

0901119ca9572861

USAA Confidential

(PART A Cont'd.)

The following are not covered persons under Part A:

1. The United States of America or any of its agencies.

2. Any person with respect to BI or PD resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the BI or PD.

## INSURING AGREEMENT

We will pay damages for BI or PD for which any covered person becomes legally liable because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. Our duty to settle or defend ends when our limit of liability for these coverages has been paid or tendered. We have no duty to defend any suit or settle any claim for BI or PD not covered under this policy.

## LIMIT OF LIABILITY

For BI sustained by any one person in any one auto accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for BI Liability. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for BI Liability is our maximum limit of liability for all damages for BI resulting from any one auto accident. The limit of liability shown on the Declarations for "each accident" for PD Liability is our maximum limit of liability for all damages to all property resulting from any one auto accident.

These limits are the most we will pay regardless of the number of:

1. Covered persons;

2. Claims made;

3. Vehicles or premiums shown on the Declarations; or

4. Vehicles involved in the auto accident.

However, if a policy provision that would defeat coverage for a claim under this Part is declared to be unenforceable as a violation of the state's financial responsibility law, our limit of liability will be the minimum required by the state's financial responsibility law.

## SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of a covered person:

1. Premiums on appeal bonds and bonds to release attachments in any suit we defend. But we will not pay the premium for bonds with a face value over our limit of liability shown on the Declarations.

2. Prejudgment interest awarded against the covered person on that part of the judgment we pay. If we make an offer to pay the applicable limit of liability, we will not pay any prejudgment interest based on that period of time after the offer.

3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $250 a day for loss of wages because of attendance at hearings or trials at our request.

5. The amount a covered person must pay to the United States Government because of damage to a government-owned private passenger auto, pickup, or van which occurs while the vehicle is in the care, custody, or control of a covered person. The most we will pay is an amount equal to one month of the basic salary of the covered person at the time of a loss. Only Exclusions A.1. and A.8. apply.

5100SC(05) Rev. 06-15

0901119ca9572f6a

USAA Confidential

(PART A Cont'd.)

6. Other reasonable expenses incurred at our request.

7. All defense costs we incur.

## EXCLUSIONS

A. We do not provide Liability Coverage for any covered person:

1. Who intentionally acts or directs to cause BI or PD, or who acts or directs to cause with reasonable expectation of causing BI or PD. This exclusion (A.1.) applies only to the extent that the limits of liability under this Part exceed $25,000 for each person and $50,000 for each accident for BI and $25,000 for PD.

2. For PD to property owned or being transported by a covered person.

3. For PD to property rented to, used by, or in the care of any covered person. This exclusion (A.3.) does not apply to damage to a residence or garage.

4. For BI to an employee of that person which occurs during the course of employment. This exclusion (A.4.) does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons for a fee. This exclusion (A.5.) does not apply to:

   a. A share-the-expense car pool; or

   b. Your covered auto used for volunteer work when reimbursement is limited to mileage expenses.

6. While employed or otherwise engaged in the auto business. This exclusion (A.6.) does not apply to the ownership, maintenance, or use of your covered auto by you, any family member, or any partner, agent, or employee of you or any family member.

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation other than the auto business, farming, or ranching. This exclusion (A.7.) does not apply:

   a. To the maintenance or use of a private passenger auto; a pickup or van owned by you or any family member, or a trailer used with these vehicles.

   b. To the maintenance or use of a pickup or van not owned by you or any family member if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

8. Using a vehicle without expressed or implied permission.

9. For BI or PD for which that person is an insured under any nuclear energy liability policy. This exclusion (A.9.) applies even if that policy is terminated due to exhaustion of its limit of liability.

10. For BI or PD occurring while your covered auto is rented or leased to others, or shared as part of a personal vehicle sharing program.

11. For BI sustained as a result of exposure to fungi, wet or dry rot, or bacteria.

12. For BI to a relative who resides primarily in that covered person's household. This exclusion (A.12.) applies only to the extent that the limits of liability for BI under this Part exceed $25,000 for each person and $50,000 for each accident.

0901119ca9572861

USAA Confidential

{PART A Cont'd.}

B. We do not provide Liability Coverage for the ownership, maintenance, or use of:

1. Any vehicle that is not **your covered auto** unless that vehicle is:

   a. A four— or six—wheel land motor vehicle designed for use on public roads;

   b. A moving van for personal use;

   c. A **miscellaneous vehicle**; or

   d. A vehicle used in the business of farming or ranching.

2. Any vehicle, other than **your covered auto**, that is owned by **you**, or furnished or available for **your** regular use. This exclusion (B.2.) does not apply to a vehicle not owned by **you** if the vehicle's owner has valid and collectible primary liability insurance or self—insurance in force at the time of the accident.

3. Any vehicle, other than **your covered auto**, that is owned by or furnished or available for the regular use of, any **family member**. This exclusion (B.3.) does not apply:

   a. To **your** maintenance or use of such vehicle; or

   b. To a vehicle not owned by any **family member** if the vehicle's owner has valid and collectible primary liability insurance or

self—insurance in force at the time of the accident.

4. Any vehicle while being operated in, or in practice for, any **driving contest or challenge.**

C. There is no coverage for liability assumed by any **covered person** under any contract or agreement.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, **your** policy will provide at least the minimum amounts and types of liability coverages required by law. However, no one will be entitled to duplicate payments for the same elements of loss.

## OTHER INSURANCE

If there is other applicable liability insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance **we** provide to a **covered person** with respect to the following vehicles shall be excess over (1) any other applicable liability insurance or (2) any self—insurance in compliance with a state's financial responsibility law or mandatory insurance law:

1. A vehicle **you** do not own; or

2. **Your covered auto** while in the possession of an **auto business.**

---

# PART B – PERSONAL INJURY PROTECTION COVERAGE
(referred to as PIP Coverage)

## DEFINITIONS

A. **"Auto"** means a motor vehicle of the kind required to be registered under the South Carolina Motor Vehicle Registration and Licensing Act.

B. **"Covered person"** as used in this Part means:

1. **You** or any **family member**; or

2. Any other person who sustains BI while:

   a. **Occupying your covered auto**; or

   b. Not occupying a motor vehicle as a result of an accident involving **your covered auto.**

**5100SC(05)** Rev. 06–15

USAA Confidential

(PART B Cont'd.)

C. "**Medical payment fee**" is an amount, as determined by us or someone on our behalf, that we will pay for charges made by a licensed hospital, licensed physician, or other licensed medical provider for **medically necessary and appropriate medical services**. The amount that we will pay will be one of the following:

1. The amount provided by an applicable agreement with a Preferred Provider Organization, Preferred Provider Network, or other similar agreement; or

2. The amount required, approved, or allowed by a fee schedule established by a state, federal, or other governmental entity in the relevant geographic area; or

3. The amount negotiated with the provider; or

4. The lesser of the following:

   a. The actual amount billed; or

   b. A reasonable fee for the service provided.

D. "**Medically necessary and appropriate medical services**" means services for remedial treatment and care rendered in accordance with a recognized religious healing method or those services or supplies provided or prescribed by a licensed hospital, licensed physician, or other licensed medical provider that, as determined by us or someone on our behalf, are required to identify or treat BI caused by an auto accident and sustained by a **covered person** and that are:

1. Consistent with the symptoms, diagnosis, and treatment of the **covered person's** injury and appropriately documented in the **covered person's** medical records;

2. Provided in accordance with recognized standards of care for the **covered person's** injury at the time the charge is incurred;

3. Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;

4. Not primarily for the convenience of the **covered person**, his or her physician, hospital, or other health care provider;

5. The most appropriate supply or level of service that can be safely provided to the **covered person**; and

6. Not excessive in terms of scope, duration, or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

However, "**medically necessary and appropriate medical services**" do not include the following:

1. Nutritional supplements or over-the-counter drugs;

2. Experimental services or supplies, which means services or supplies that **we** determine have not been accepted by the majority of the relevant medical specialty as safe and effective for treatment of the condition for which its use is proposed; or

3. Inpatient services or supplies provided to the **covered person** when these could safely have been provided to the **covered person** as an outpatient.

### INSURING AGREEMENT

A. **We** will pay PIP Coverage benefits to or for a **covered person** who sustains BI caused by an accident and resulting from the ownership, maintenance or use of an **auto** as an **auto**.

0901119ca95721f1                    USAA Confidential

(PART B Cont'd.)

B. We, or someone on our behalf, will review and audit claims for benefits under PIP Coverage. We are only obligated to pay expenses for the following benefits:

1. Medical Expenses. **We** will pay only the **medical payment fee for medically necessary and appropriate medical services** incurred within three years from the date of the accident. Only semi-private hospital room charges will be paid unless special or intensive care is required.

2. Funeral Expense. **We** will pay the reasonable funeral and burial expense actually incurred for death of a covered person that occurs within three years from the date of the accident.

3. Work Loss Benefits. **We** will pay for loss of income from work which a covered person would have performed except for the **BI**.

   a. **We** will pay Work Loss Benefits for no more than three years from the date of the accident.

   b. Work Loss Benefits will not continue after the death of the covered person.

   Work loss applies only if the **covered person** was an income or wage producer at the time of the accident.

4. Essential Services Expenses. **We** will pay necessary and reasonable expenses for services which would ordinarily have been performed for the benefit of his or her family by a **covered person** who was not an income earner.

   a. Expenses must be incurred within three years from the date of the accident.

   b. **We** will not pay for expenses incurred after the death of the covered person.

## LIMIT OF LIABILITY

Our maximum limit of liability for all benefits for each **covered person** injured in any one auto accident is $1,000. This is the most **we** will pay regardless of the number of:

1. **Covered persons**;

2. Claims made;

3. Vehicles or premiums shown on the Declarations;

4. Vehicles involved in the accident; or

5. Insurers providing no-fault benefits.

## EXCLUSIONS

**We** do not provide any coverage or benefits under this Part for **BI**:

1. Sustained by any **covered person** who:

   a. Intentionally causes the accident resulting in the **BI**; or

   b. Operates or voluntarily rides in a vehicle known by that person to be stolen; or

   c. Is committing a felony; or

   d. Fails to stop an **auto** he or she is operating when signaled by any law enforcement vehicle by means of a siren or flashing light.

2. Sustained by any **covered person** while **occupying**, or while a pedestrian as a result of an accident involving, an **auto** (other than **your covered auto**) insured for PIP Coverage.

3. Sustained by any **covered person** while not **occupying** a motor vehicle if the accident occurs outside South Carolina. This exclusion (3.) does not apply to **you** or any **family member**.

0901119ca957216a

USAA Confidential

(PART B Cont'd.)

4. Sustained by any covered person while occupying an auto located for use as a residence or premises.

5. Caused by or as a consequence of war (declared or undeclared), civil war, a discharge of a nuclear weapon (even if accidental), insurrection, or rebellion or revolution.

6. Resulting from or as a consequence of the following, whether controlled, uncontrolled, or however caused:

    a. Nuclear reaction;

    b. Radiation; or

    c. Radioactive contamination.

7. Sustained by any covered person arising out of the ownership, maintenance or use of a motorcycle by that person.

8. Sustained by you or any family member while occupying any auto owned by you which is not insured for PIP Coverage under this policy.

9. Sustained by any family member while occupying any auto owned by that family member that is not insured for PIP Coverage under this policy.

10. Sustained while a participant in, or in practice for, any driving contest or challenge.

11. Sustained as a result of a covered person's exposure to fungi, wet or dry rot, or bacteria.

## OTHER INSURANCE

No person shall recover benefits from more than one policy or one insurer on either a duplicate or supplemental basis, regardless of the number of motor vehicles covered or insurers (including self-insurers).

# PART B – MEDICAL PAYMENTS COVERAGE

## DEFINITIONS

A. "Covered person" as used in this Part means:

    1. You or any family member while occupying any auto.

    2. Any other person while occupying your covered auto.

    3. You or any family member while not occupying a motor vehicle if injured by:

        a. A motor vehicle designed for use mainly on public roads;

        b. A miscellaneous vehicle; or

        c. A trailer.

B. "Medical payment fee" is an amount, as determined by us or someone on our behalf, that we will pay for charges made by a licensed hospital, licensed physician, or other licensed medical provider for medically necessary and appropriate medical services. The amount that we will pay will be one of the following:

    1. The amount provided by an applicable agreement with a Preferred Provider Organization, Preferred Provider Network, or other similar agreement; or

    2. The amount required, approved, or allowed by a fee schedule established by a state, federal, or other governmental entity in the relevant geographic area; or

0901119ca9572161

USAA Confidential

(PART B Cont'd.)

3. The amount negotiated with the provider; or

4. The lesser of the following:

   a. The actual amount billed; or

   b. A reasonable fee for the service provided.

C. "**Medically necessary and appropriate medical services**" are those services or supplies provided or prescribed by a licensed hospital, licensed physician, or other licensed medical provider that, as determined by us or someone on our behalf, are required to identify or treat BI caused by an auto accident and sustained by a **covered person** and that are:

   1. Consistent with the symptoms, diagnosis, and treatment of the **covered person's** injury and appropriately documented in the **covered person's** medical records;

   2. Provided in accordance with recognized standards of care for the **covered person's** injury at the time the charge is incurred;

   3. Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;

   4. Not primarily for the convenience of the **covered person**, his or her physician, hospital, or other health care provider;

   5. The most appropriate supply or level of service that can be safely provided to the **covered person**; and

   6. Not excessive in terms of scope, duration, or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

However, "**medically necessary and appropriate medical services**" do not include the following:

1. Nutritional supplements or over-the-counter drugs;

2. Experimental services or supplies, which means services or supplies that we determine have not been accepted by the majority of the relevant medical specialty as safe and effective for treatment of the condition for which its use is proposed; or

3. Inpatient services or supplies provided to the **covered person** when these could safely have been provided to the **covered person** as an outpatient.

INSURING AGREEMENT

A. We will pay only the **medical payment fee** for **medically necessary and appropriate medical services** and the reasonable expense for funeral services. These fees and expenses must:

   1. Result from BI sustained by a **covered person** in an auto accident; and

   2. Be incurred for services rendered within one year from the date of the auto accident.

B. We or someone on our behalf will review, by audit or otherwise, claims for benefits under this coverage to determine if the charges are **medical payment fees** for **medically necessary and appropriate medical services** or reasonable expenses for funeral services. A provider of medical or funeral services may charge more than the amount we determine to be **medical payment fees** and reasonable expenses, but such additional charges are not covered.

C. We will not be liable for pending or subsequent benefits if a **covered person** or assignee of benefits under Medical Payments Coverage unreasonably refuses to submit to an examination as required in Part E – General Provisions, Duties After An Accident or Loss.

5100SC(05) Rev. 06-15

0901119ca9572563

USAA Confidential

(PART B Cont'd.)

## LIMIT OF LIABILITY

A.  The limit of liability shown on the Declarations for Medical Payments Coverage is the maximum limit of liability for each covered person injured in any one accident. This is the most we will pay regardless of the number of:

1.  Covered persons;

2.  Claims made;

3.  Vehicles or premiums shown on the Declarations; or

4.  Vehicles involved in an auto accident.

B.  No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1.  Any PIP Coverage; or

2.  Part A or Part C of this policy.

## EXCLUSIONS

We do not provide benefits under this Part for any covered person for BI:

1.  Sustained while occupying any vehicle that is not your covered auto unless that vehicle is:

    a.  A four- or six-wheel land motor vehicle designed for use on public roads;

    b.  A moving van for personal use;

    c.  A miscellaneous vehicle; or

    d.  A vehicle used in the business of farming or ranching.

2.  Sustained while occupying your covered auto when it is being used to carry persons for a fee. This exclusion (2.) does not apply to:

    a.  A share-the-expense car pool; or

    b.  Your covered auto used for volunteer work when reimbursement is limited to mileage expenses.

3.  Sustained while occupying any vehicle located for use as a residence.

4.  Occurring during the course of employment if workers' compensation benefits are required or available.

5.  Sustained while occupying, or when struck by, any vehicle, other than your covered auto, that is owned by you.

6.  Sustained while occupying, or when struck by, any vehicle, other than your covered auto, that is owned by any family member. This exclusion (6.) does not apply to you.

7.  Sustained while occupying a vehicle without expressed or implied permission.

8.  Sustained while occupying a vehicle when it is being used in the business or occupation of a covered person. This exclusion (8.) does not apply to BI sustained while occupying a private passenger auto, pickup or van, or a trailer used with these vehicles.

9.  Caused by or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

10. Sustained while occupying your covered auto while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

11. Sustained while a participant in, or in practice for, any driving contest or challenge.

12. Sustained as a result of a covered person's exposure to fungi, wet or dry rot, or bacteria.

0901119ca9572568

USAA Confidential

(PART B Cont'd.)

### OTHER INSURANCE

If there is other applicable auto medical payments insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

### SPECIAL PROVISIONS

If your covered auto and every other motor vehicle you own are within the policy territory referred to in Part E – General Provisions, then coverage under Part B – Medical Payments Coverage will apply to you and any family member anywhere in the world.

---

# PART C – UNINSURED MOTORISTS COVERAGE (referred to as UM Coverage) and UNDERINSURED MOTORISTS COVERAGE (referred to as UIM Coverage)

### DEFINITIONS

A. "Covered person" as used in this Part means:

1. You or any family member.

2. Any other person occupying your covered auto.

3. Any person for damages that person is entitled to recover because of BI to which this coverage applies sustained by a person described in 1. or 2. above.

However, "covered person" does not include the United States of America or any of its agencies.

B. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

1. To which neither a liability bond or policy, nor cash or securities deposited with the State Treasurer, applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident but its limits for liability are less than the minimum limits specified by the South Carolina Financial Responsibility Act.

3. That is a hit-and-run motor vehicle. This means a motor vehicle whose owner or operator cannot be identified and that hits or that causes an accident resulting in BI or PD without hitting:

   a. You or any family member;

   b. A vehicle you or any family member is occupying;

   c. Your covered auto; or

   d. Any of your property.

   If there is no physical contact with the hit-and-run motor vehicle, the facts of the accident must be corroborated by an affidavit attesting to the truth of the facts of the accident signed by any eyewitness other than the owner or operator of the vehicle which you or any family member were occupying at the time of the accident.

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

   a. Successfully denies coverage;

   b. Is or becomes insolvent;

   c. Is in delinquency proceedings, suspension or receivership; or

   d. Is proven unable to respond to a judgment.

0901119ca9572161

USAA Confidential

(PART C Cont'd.)

5. For which the owner has not qualified as a self-insurer.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1. Owned by any governmental unit or agency unless a cause of action against that governmental unit or agency is barred by the Tort Claims Act, South Carolina Laws, 1986, Ratification No. 514, Sub-section 15-78-60, or by other applicable statute.

2. Operated on rails or crawler treads, except for a snowmobile.

3. Designed mainly for use off public roads while not on public roads.

C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a liability bond or policy applies at the time of the accident in limits equal to or greater than the minimum limit for liability specified by the South Carolina Financial Responsibility Act, but the limits of that bond or policy are not enough to pay the full amount the covered person is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include an uninsured motor vehicle or any vehicle or equipment:

1. Operated on rails or crawler treads, except for a snowmobile.

2. Designed mainly for use off public roads while not on public roads.

3. While located for use as a residence or premises.

## INSURING AGREEMENT

A. UM Coverage.

1. We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:

a. BI sustained by a covered person and caused by an auto accident; and

b. PD to the property of a covered person.

2. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.

3. Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

4. We will pay under UM Coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. This provision applies only to definition B.2. under this Part.

B. UIM Coverage.

1. We will pay the following damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of an auto accident:

a. BI sustained by a covered person; and

b. PD to your covered auto.

2. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle.

0901119ca9572561

USAA Confidential

(PART C Cont'd.)

## LIMIT OF LIABILITY

A. UM Coverage.

1. For BI sustained by any one person in any one accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative, or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for BI under UM Coverage. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for BI under UM Coverage is our maximum limit of liability for all damages for BI resulting from any one accident. For PD sustained in any one accident, our maximum limit of liability for all resulting damages is the limit of liability shown on the Declarations for PD under UM Coverage. These limits are the most we will pay regardless of the number of:

   a. **Covered persons;**

   b. Claims made;

   c. Vehicles or premiums shown on the Declarations;

   d. Premiums paid; or

   e. Vehicles involved in the accident.

2. However, if you or any **family member** sustains BI or PD while occupying **your covered auto** and:

   a. No **covered person** other than you or any **family member** sustains BI or PD in the accident, our maximum limits of liability will be the limits of liability in Paragraph A.1., multiplied by the number of premiums shown on the Declarations for UM Coverage.

   b. BI or PD is also sustained in the accident by a **covered person** other than you or any **family member:**

      (1) The most we will pay for BI or PD to you or any **family member** is the sum of:

         (a) The pro rata share of the "each accident" limit of liability shown on the Declarations for BI or PD under UM Coverage for the vehicle occupied at the time of the accident; and

         (b) The "each person" limit of liability shown on the Declarations for BI under UM Coverage or the "each accident" limit of liability for PD under UM Coverage, multiplied by the number of premiums for UM Coverage shown on the Declarations for all **your covered autos** not occupied at the time of the accident.

      (2) Subject to the limit of liability for each person in Paragraph A.2.b.(1) above, the most **we** will pay for all BI or PD sustained by **you** and all **family members** in any one accident is the sum of:

         (a) The pro rata share of the "each accident" limit of liability shown on the Declarations for BI or PD under UM Coverage for the vehicle occupied at the time of the accident; and

         (b) The "each accident" limit of liability shown on the Declarations for BI or PD under UM Coverage, multiplied by the number of premiums for UM Coverage shown on the Declarations for all **your covered autos** not occupied at the time of the accident.

      (3) A person's pro-rata share is the proportion that that person's damages bear to the total damages sustained by all **covered persons.**

0901119ca9572f6a

USAA Confidential

(PART C Cont'd.)

(4) These limits are the most we will pay regardless of the number of:

    (a) **Covered persons**;

    (b) Claims made;

    (c) Vehicles or premiums shown on the Declarations;

    (d) Premiums paid; or

    (e) Vehicles involved in the accident.

B. UIM Coverage.

1. For BI sustained by any one person in any one accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative, or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for BI under UIM Coverage. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for BI under UIM Coverage is our maximum limit of liability for all damages for BI resulting from any one accident. For PD to **your covered auto** sustained in any one accident, our maximum limit of liability for all resulting damages is the limit of liability shown on the Declarations for PD under UIM Coverage. These limits are the most we will pay regardless of the number of:

    a. **Covered persons**;

    b. Claims made;

    c. Vehicles or premiums shown on the Declarations;

    d. Premiums paid; or

    e. Vehicles involved in the accident.

2. However, if **you** or any **family member** sustains BI or PD while occupying **your covered auto** and:

a. No **covered person** other than **you** or any **family member** sustains BI or PD in the accident, our maximum limits of liability will be the limits of liability in Paragraph B.1., multiplied by the number of premiums shown on the Declarations for UIM Coverage.

b. BI or PD is also sustained in the accident by a **covered person** other than **you** or any **family member**:

    (1) The most we will pay for BI or PD to **you** or any **family member** is the sum of:

        (a) The pro rata share of the "each accident" limit of liability shown on the Declarations for BI or PD under UIM Coverage for the vehicle occupied at the time of the accident; and

        (b) The "each person" limit of liability shown on the Declarations for BI under UIM Coverage or the "each accident" limit of liability for PD under UIM Coverage, multiplied by the number of premiums for UIM Coverage shown on the Declarations for all **your covered autos** not occupied at the time of the accident.

    (2) Subject to the limit of liability for each person in Paragraph B.2.b.(1) above, the most we will pay for all BI or PD sustained by **you** and all **family members** in any one accident is the sum of:

        (a) The pro rata share of the "each accident" limit of liability shown on the Declarations for BI or PD under UIM Coverage for the vehicle occupied at the time of the accident; and

0901119ca9572161

USAA Confidential

(PART C Cont'd.)

(b) The "each accident" limit of liability shown on the Declarations for BI or PD under UIM Coverage, multiplied by the number of premiums for UIM Coverage shown on the Declarations for all your covered autos not occupied at the time of the accident.

(3) A person's pro-rata share is the proportion that that person's damages bear to the total of all damages sustained by all covered persons.

(4) These limits are the most we will pay regardless of the number of:

(a) Covered persons;

(b) Claims made;

(c) Vehicles or premiums shown on the Declarations;

(d) Premiums paid; or

(e) Vehicles involved in the accident.

C. Any amounts otherwise payable for damages under UM Coverage or UIM Coverage shall be reduced by all sums paid because of the BI or PD by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

## EXCLUSIONS

A. We do not provide UM Coverage:

1. For BI or PD sustained by any covered person if that person or legal representative settles the BI or PD claim without our consent.

2. For the first $200 of the amount of PD to each covered person's property as the result of any one accident.

B. We do not provide UIM Coverage for BI or PD sustained by any covered person while occupying, or when struck by, any vehicle,

other than your covered auto, that is owned by that covered person.

C. We do not provide UM Coverage or UIM Coverage for BI or PD sustained by any covered person:

1. While occupying your covered auto when it is being used to carry persons for a fee. This exclusion (B.1.) does not apply to:

a. A share-the-expense car pool; or

b. Your covered auto used for volunteer work when reimbursement is limited to mileage expenses.

2. Using a vehicle without expressed or implied permission.

3. While your covered auto is rented or leased to others, or shared as part of a personal vehicle sharing program.

4. While occupying any vehicle when it is being operated in, or in practice for, any driving contest or challenge.

D. UM Coverage or UIM Coverage shall not apply directly or indirectly to benefit:

1. Any insurer or self-insurer under any workers' compensation law or similar disability benefits law; or

2. Any insurer of property.

## OTHER INSURANCE

A. If a covered person sustains BI while occupying a vehicle not owned by that person or while not occupying any vehicle, the following priorities of recovery apply:

FIRST PRIORITY   The policy affording UM Coverage or UIM Coverage to the vehicle the covered person was occupying at the time of the accident.

5100SC(05) Rev. 06-15

0901119ca9572f6a

USAA Confidential

(PART C Cont'd.)

| SECOND PRIORITY | Any policy affording UM Coverage or UIM Coverage to the covered person as a named insured or family member. |

1. If there is no applicable insurance available under the first priority, the maximum recovery under all policies in the second priority shall not exceed the highest applicable limit for any one vehicle under any one policy.

2. If there is applicable insurance available under the first priority:

   a. The limit of liability applicable to the vehicle the covered person was occupying under the policy in the first priority shall first be exhausted; and

   b. The maximum recovery in the second priority shall not exceed the highest limit for any one vehicle under any one policy in the second priority.

3. We will pay only our share of the loss, not to exceed our share of the maximum recovery. Our share is the proportion that our limit of liability bears to the total of all applicable limits in the same level of priority.

B. With respect to PD, this insurance shall apply only after the limits of any other collectible insurance applicable to the damaged property have been exhausted.

## NON-DUPLICATION

No covered person will be entitled to receive duplicate payments under this coverage for the same elements of loss which were:

1. Paid because of the BI or PD by or on behalf of persons or organizations who may be legally responsible.

2. Paid or payable under any workers' compensation law or similar disability benefits law. This (2.) does not apply to UM Coverage.

3. Paid under Part A of this policy.

4. Paid under any auto policy medical expense coverage.

5. Paid because of PD under Part D of this policy or any similar coverage under any other policy.

## LOSS PAYABLE CLAUSE

With respect to PD, loss or damage under UM Coverage or UIM Coverage will be paid, as interest may appear, to the named insured and the loss payee shown on the Declarations. When we pay the loss payee we will, to the extent of payment, be subrogated to the loss payee's right of recovery.

# PART D – PHYSICAL DAMAGE COVERAGE

## DEFINITIONS

A. "Actual cash value" means the amount that it would cost, at the time of loss, to buy a comparable vehicle. As applied to your covered auto, a comparable vehicle is one of the same make, model, model year, body type, and options with substantially similar mileage and physical condition.

B. "Collision" means the impact with an object and includes upset of a vehicle. Loss caused by the following is covered under Comprehensive Coverage and is not considered collision: fire; missiles or falling objects; hail, water or flood; malicious mischief or vandalism; theft or larceny; riot or civil commotion; explosion or earthquake; contact with bird or animal;

USAA Confidential

(PART D Cont'd.)

windstorm; or breakage of window glass. If breakage of window glass is caused by a **collision**, **you** may elect to have it considered a loss caused by **collision**.

C. **"Custom equipment"** means equipment, furnishings and parts permanently installed in or upon **your covered auto**, other than:

1. Original manufacturer equipment, furnishings or parts;

2. Any replacement of original manufacturer equipment, furnishings or parts with other equipment, furnishings or parts of like kind and quality;

3. Equipment, furnishings or parts designed to assist disabled persons;

4. Anti-theft devices and devices intended to monitor or record driving activity; and

5. Tires of a substantially similar size as those installed by the manufacturer.

D. **"Loss"** means direct and accidental damage to the operational safety, function, or appearance of, or theft of, **your covered auto** or personal property contained in **your covered auto**. Loss includes a total loss, but does not include any damage other than the cost to **repair** or replace. **Loss** does not include any loss of use, or diminution in value that would remain after **repair** or replacement of the damaged or stolen property.

E. "Nonowned vehicle."

1. **"Nonowned vehicle"** means any private passenger auto, pickup, **van**, **miscellaneous vehicle**, or trailer not owned by, or furnished or available for the regular use of, **you** or any **family member**. This applies only when the vehicle is in the custody of or being operated by **you** or any **family member**.

2. A **nonowned vehicle** does not include any of the following vehicles used in any business or occupation other than farming or ranching:

   a. A pickup;

   b. A **van**; or

   c. A **miscellaneous vehicle**.

F. "Repair."

1. "Repair" means restoring the damaged property to its pre-loss operational safety, function, and appearance. This may include the replacement of component parts.

2. Repair does not require:

   a. A return to the pre-loss market value of the property;

   b. Restoration, alteration, or replacement of undamaged property, unless such is needed for the operational safety of the vehicle; or

   c. Rekeying of locks following theft or misplacement of keys.

G. **"Your covered auto,"** as used in this Part, includes:

1. **Custom equipment**, up to a maximum of $5,000, in or on **your covered auto**.

2. A **nonowned vehicle**. If there is a loss to a **nonowned vehicle**, **we** will provide the broadest coverage shown on the Declarations.

**INSURING AGREEMENT**

A. Comprehensive Coverage (excluding **collision**).

1. Physical damage. **We** will pay for **loss** caused by other than **collision** to your **covered auto**, including its equipment,

0901119ca9572161

USAA Confidential

(PART D Cont'd.)

and personal property contained in your covered auto, minus any applicable deductible shown on the Declarations.

No deductible under Comprehensive Coverage or Collision Coverage applies to the cost of repairing or replacing damaged automobile safety glass.

2. Transportation expenses. We will also pay:

   a. Up to $30 a day, to a maximum of $900, for transportation expenses incurred by you or any family member. This applies only in the event of a total theft of your covered auto. We will pay only transportation expenses incurred during the period beginning 48 hours after the theft and ending when your covered auto is returned to use or, if not recovered or not repairable, up to seven days after we have made a settlement offer.

   b. If Rental Reimbursement Coverage is afforded, limits for transportation expenses are the limits of liability shown on the Declarations for Rental Reimbursement Coverage for that vehicle.

B. Collision Coverage. We will pay for loss caused by collision to your covered auto, including its equipment, and personal property contained in your covered auto, minus any applicable deductible shown on the Declarations.

C. Rental Reimbursement Coverage (for loss other than total theft).

   1. We will reimburse you for expenses you or any family member incurs to rent a substitute for your covered auto. This coverage applies only if:

      a. Your covered auto is withdrawn from use for more than 24 hours due to a loss, other than a total theft, to that auto; and

   b. The loss is covered under Comprehensive Coverage or caused by collision, and the cause of loss is not otherwise excluded under Part D of this policy.

   2. We will reimburse you only for that period of time reasonably required to repair or replace your covered auto. If we determine your covered auto is a total loss, the rental period will end no later than seven days after we have made a settlement offer.

D. USAA Roadside Assistance. We will pay the reasonable costs you or any family member incurs for one of the following each time your covered auto is disabled:

   1. Mechanical labor up to one hour at the place of breakdown.

   2. Locksmith services to gain entry to your covered auto. This does not include the rekeying of locks following theft or misplacement of keys.

   3. Towing, to the nearest place where necessary repairs can be made during regular business hours, if the vehicle will not run or is stranded on or immediately next to a public road.

   4. Delivery of gas or oil to, or a change of tire on a disabled vehicle. However, we do not pay for the cost of these items.

LIMIT OF LIABILITY

A. Total loss to your covered auto. Our limit of liability under Comprehensive Coverage and Collision Coverage is the actual cash value of the vehicle, inclusive of any custom equipment.

   1. The maximum amount we will include for loss to custom equipment in or on your covered auto is $5,000.

5100SC(05) Rev. 06-15

0901119ca957216a
USAA Confidential

(PART D Cont'd.)

2. We will declare your covered auto to be a total loss if, in our judgment, the cost to repair it would be greater than its actual cash value minus its salvage value after the loss.

B. Other than a total loss to your covered auto:

1. Our limit of liability under Comprehensive Coverage and Collision Coverage is the amount necessary to repair the loss based on our estimate or an estimate that we approve, if submitted by you or a third party. Upon request, we will identify at least one facility that is willing and able to complete the repair for the amount of the estimate.

2. Our estimate may specify used, rebuilt, remanufactured, or non-Original Equipment Manufacturer (non-OEM) parts.

3. You may request that damaged parts be replaced with new Original Equipment Manufacturer (OEM) parts. You will be responsible, however, for any cost difference between the parts included in our estimate and the new OEM parts used in the repair.

4. We will not take a deduction for depreciation. We will take a deduction if prior damage has not been repaired. Prior damage does not include wear and tear.

C. Personal property contained in your covered auto. The limits of liability described below are separate from the limits available for a loss to your covered auto.

1. Our limit of liability under Comprehensive Coverage and Collision Coverage is the lesser of:

a. The amount necessary to replace the damaged or stolen property; or

b. $250.

2. We will not take a deduction for depreciation.

D. Under Rental Reimbursement Coverage, our maximum limits of liability are the limits of liability shown on the Declarations for Rental Reimbursement Coverage for that vehicle.

E. Under USAA Roadside Assistance, our limit of liability is the reasonable price for the covered service.

PAYMENT OF LOSS

We may pay for loss in money, or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to you or to the address shown on the Declarations. If we return stolen property, we will pay for any damage resulting from the theft. We may keep all or part of the damaged or stolen property and pay you an agreed or appraised value for it. We cannot be required to assume the ownership of damaged property. We may settle a claim either with you or with the owner of the property.

LOSS PAYABLE CLAUSE

Loss or damage under this policy will be paid, as interest may appear, to the named insured and the loss payee shown on the Declarations. This insurance, with respect to the interest of the loss payee, will not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion, or embezzlement of your covered auto. We may cancel the policy as permitted by policy terms and the cancellation will terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown on the Declarations. We may send notices to the loss payee either by mail or by electronic means. However, if the loss payee requests in writing that we not send notices, including a notice of cancellation, we will abide by that request. When we pay the loss payee we will, to the extent of payment, be subrogated to the loss payee's rights of recovery.

5100SC(05) Rev. 06-15

0901119ca9572161

USAA Confidential

(PART D Cont'd.)

## WAIVER OF COLLISION DEDUCTIBLE

We will not apply the deductible to loss caused by **collision** with another vehicle if all of these conditions are met:

1. The loss to your covered auto is greater than the deductible amount; and

2. The owner and driver of the other vehicle are identified; and

3. The owner or driver of the other vehicle has a liability policy covering the loss; and

4. The driver of your covered auto is not legally responsible, in any way, for causing or contributing to the loss.

## EXCLUSIONS

We will not pay for:

1. Loss to your covered auto which occurs while it is being used to carry persons for a fee. This exclusion (1.) does not apply to:

   a. A share-the-expense car pool; or

   b. Your covered auto used for volunteer work when reimbursement is limited to mileage expenses.

2. Damage due and confined to:

   a. Road damage to tires;

   b. Wear and tear;

   c. Freezing; or

   d. Mechanical or electrical breakdown or failure, including such damage resulting from negligent servicing or repair of your covered auto or its equipment. We will pay for ensuing damage only to the extent the damage occurs outside of the major component (such as

transmission/transaxle, electrical system, engine including cooling and lubrication thereof, air conditioning, computer, suspension, braking, drive assembly, and steering) in which the initial mechanical or electrical breakdown or failure occurs.

This exclusion (2.) does not apply if the damage results from the total theft of your covered auto, and it does not apply to USAA Roadside Assistance.

3. Loss due to or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

4. Loss to a camper body or trailer owned by you or any family member that is not shown on the Declarations. This exclusion (4.) does not apply to one you or any family member acquires during the policy period and asks us to insure within 30 days after you or any family member becomes the owner.

5. Loss to any nonowned vehicle when used by you or any family member without a reasonable belief that you or that family member is entitled to do so.

6. Loss to equipment designed or used to evade or avoid the enforcement of motor vehicle laws.

7. Loss to any nonowned vehicle arising out of its use by you or any family member while employed or otherwise engaged in auto business operations.

8. Loss to your covered auto while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

9. Loss to any vehicle while it is being operated in, or in practice for, any driving contest or challenge.

10. Loss resulting from:

0901119ca957286A

USAA Confidential

(PART D Cont'd.)

a. The acquisition of a stolen vehicle;

b. Any legal or governmental action to return a vehicle to its legal owner; or

c. Any confiscation or seizure of a vehicle by governmental authorities.

This exclusion (10.) does not apply to innocent purchasers of stolen vehicles for value under circumstances that would not cause a reasonable person to be suspicious of the sales transaction or the validity of the title.

11. Loss resulting from use in any illicit or prohibited trade or transportation.

12. Any loss arising out of any act committed:

a. By or at the direction of you or any family member; and

b. With the intent to cause a loss.

13. Loss caused by fungi, wet or dry rot, or bacteria. This means the presence, growth, proliferation, spread, or any activity of fungi, wet or dry rot, or bacteria. This exclusion (13.) does not apply to damage directly resulting from a loss covered under Comprehensive Coverage or Collision Coverage.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a nonowned vehicle will be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the nonowned vehicle.

2. Any other applicable physical damage insurance.

3. Any other source of recovery applicable to the loss.

This provision does not apply to USAA Roadside Assistance.

## APPRAISAL

If we and you do not agree on the amount of loss, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither we nor you waive any rights under this policy by agreeing to an appraisal.

# PART E - GENERAL PROVISIONS

## BANKRUPTCY

Bankruptcy or insolvency of the covered person, as defined in this policy, shall not relieve us of any obligations under this policy.

## CHANGES

A. The premium is based on information we have received from you and other sources. You agree to cooperate with us in determining if this information is correct and complete. You agree that if this information changes, or is incorrect or incomplete, we may adjust your premiums accordingly during the policy period.

0901119ca9572863

USAA Confidential

(PART E Cont'd.)

B. If, during the policy period, the risk exposure changes for any of the following reasons, we will make the necessary premium adjustments effective the date of change in exposure. Change in exposure means the occurrence of an event listed in B.1. through B.7. or in E. below, or a similar event that may increase or decrease the policy premium. You agree to give us notice of any exposure change as soon as is reasonably possible. Changes that may result in a premium adjustment include, but are not limited to, the following:

1. Change in location where any vehicle is garaged.

2. Change in description, equipment, purchase date, registration, cost, usage, miles driven annually, or operators of any vehicle.

3. Replacement or addition of any vehicle. A replacement or additional vehicle is a **newly acquired vehicle**.

4. Deletion of a vehicle. The named insured may request that a vehicle shown on the Declarations be deleted from this policy. The effective date of this change cannot be earlier than the date of the named insured's request unless we agree to an earlier date.

5. Change in date of birth, marital status, driver's license information, or driving record of any operator.

6. Addition or deletion of an operator.

7. Change, addition, or deletion of any coverage or limits.

C. We will make any calculations or adjustments of your premium using the applicable rules, rates, and forms as of the effective date of the change.

D. If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement that change in your location. This paragraph does not apply to changes implemented with a revision that includes both broadenings and restrictions in coverage. Otherwise, this policy includes all of the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

E. Deployment.

1. If, because of your active-duty deployment in one of the military services of the United States, you have reduced the coverage on your **covered auto** and placed the vehicle in storage, then, upon your return from the deployment, we will reinstate the coverage that was on the vehicle prior to the deployment-caused reduction beginning on the date the vehicle is removed from storage.

2. Any reinstatement of coverage under E.1. will apply for up to 60 days after the date you returned from deployment. If you wish to continue the reinstated coverage beyond the 60-day period, you must request it during the 60-day period. If you request reinstated coverage after this 60-day period, any coverage we agree to provide will be effective at the date and time of your request unless we agree to an earlier date.

3. You must pay an additional premium, as set out in Part E, Changes, B.7., for the reinstated coverage. However, if you return from deployment on furlough or emergency leave for a period of 30 days or less, we will waive any increase in the premium for the period of time you are on furlough or emergency leave, provided that no claim for coverage under this policy is made for a loss that occurs during that time period. If a loss occurs we will, as of the date of the loss, reinstate the coverage that was on the vehicle prior to the

5100SC(05) Rev. 06-15

0901119ca9572661

USAA Confidential

{PART E Cont'd.}

deployment-caused reduction, and you must pay an additional premium for that coverage.

## CONFORMITY TO LAW

If any of the terms of this policy conflict with state or local law, state or local law will apply.

## DUTIES AFTER AN ACCIDENT OR LOSS

We will not be required to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when, and where an accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person or entity seeking any coverage or payment of any benefits except payment under Part A – Liability must

   1. Cooperate with us in the investigation, settlement, or defense of any claim or suit.

   2. Promptly send us copies of any notices or legal papers received in connection with a suit, accident or loss.

   3. Submit, as often as we reasonably require:

      a. To physical exams by physicians we select. We will pay for these exams.

      b. To examination under oath. The examination must be signed.

   4. Authorize us to obtain medical reports and other pertinent records.

   5. Submit a proof of loss when required by us.

   6. Promptly notify the police if a hit-and-run driver is involved.

C. A person seeking benefits under Part B – PIP Coverage must also submit a written proof of claim when required by us.

D. A person seeking coverage for PD under Part C – Uninsured Motorists Coverage and Underinsured Motorists Coverage, or coverage under Part D – Physical Damage Coverage must also:

   1. Take reasonable steps after loss to protect your covered auto and its equipment from further loss. We will pay reasonable expenses incurred to do this.

   2. Promptly notify the police if your covered auto is stolen.

   3. Permit us to inspect and appraise the damaged property before its repair or disposal.

## LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until we agree in writing that the covered person, as defined in Part A, has an obligation to pay, or the amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the liability of a covered person, as defined in this policy.

C. Unless we agree otherwise, any legal action against us must be brought in a court of competent jurisdiction in the county and state where the covered person lived at the time of the accident.

## MISREPRESENTATION

We do not provide any coverage under this policy for any person who has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance:

0901119ca9572561

USAA Confidential

{PART E Cont'd.}

1. At the time application was made; or

2. At any time during the policy period; or

3. In connection with the presentation or settlement of a claim.

## NON-DUPLICATION OF PAYMENT

When a claim, or part of a claim, is payable under more than one provision of this policy, we will pay the claim only once under this policy.

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we will be subrogated to that right. The person to or for whom payment was made shall do whatever is necessary to enable us to exercise our rights, and shall do nothing after loss to prejudice them. However, our rights in this paragraph do not apply:

1. Under Part B – Medical Payments Coverage or Part B – PIP Coverage.

2. Under Part C:

   a. To UM Coverage to the extent that such payment does not exceed the minimum limits specified by the South Carolina Motor Vehicle Financial Responsibility Act; or

   b. To UIM Coverage.

3. Under Part D, against any person using your covered auto with a reasonable belief that that person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment was made recovers damages from another, the person to or for whom payment was made shall hold in trust for us the proceeds of the recovery and reimburse us to the extent of our payment. However, our rights in this paragraph do not apply:

1. Under Part B – Medical Payments Coverage or Part B – PIP Coverage.

2. Under Part C, to UIM Coverage.

C. With respect to payments under Part C – UM Coverage:

1. If a covered person has prosecuted to judgment a suit against any party at fault, we will be entitled to an assignment of the judgment to the extent of payment under this insurance that does not exceed the minimum limits specified by the South Carolina Motor Vehicle Financial Responsibility Act.

2. We will pay our proportionate part of any reasonable costs and expenses incurred for any recovery, including reasonable attorneys' fees. However, we reserve the right to retain an attorney of our choice to pursue a claim instead of reasonable attorneys' fees.

3. If a covered person making a claim for PD under Part C of this policy is also entitled to any other compensation for the PD, we will not be obligated to pay a claim until the covered person has assigned us the rights to the compensation. This applies only to the extent of payment under UM Coverage that does not exceed the minimum limit specified by the South Carolina Motor Vehicle Financial Responsibility Act.

D. If the covered person, as defined in this policy, recovers from the party at fault and we share in the recovery, we will pay our share of the legal expenses. Our share is that percent of the legal expenses that the amount we recover bears to the total recovery. This does not apply to any amounts recovered or recoverable by us from any other insurer under any inter–insurer arbitration agreement.

E. If we make payment for a claim under Part A, and the covered person, as defined in Part A:

5100SC(05) Rev. 06–15

0901119ca9572561a

USAA Confidential

{PART E Cont'd.}

1. Knowingly concealed or misrepresented any material fact or circumstance relating to this insurance; or

2. Failed or refused to comply with the duties specified in this policy and prejudiced our defense of the liability claim by such failure or refusal;

then, the **covered person** shall reimburse **us** to the extent of **our** payment and cost of defense.

F. If **we** make payment for a claim under Part D and **you** or any **family member** has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance, then **you** shall reimburse **us** to the extent of **our** payment.

## OWNERSHIP

For purposes of this policy, a vehicle is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months.

## POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur during the policy period as shown on the Declarations and within the policy territory. The policy territory is the United States of America (USA), its territories and possessions, Puerto Rico, and Canada, including transportation of **your covered auto** between any ports of these locations.

B. The policy territory also includes Mexico, subject to the following conditions:

1. All coverages afforded by the policy are extended to include coverage during trips into Mexico. This applies only to loss or accident that occurs within 75 miles of the USA border.

2. Any liability coverage afforded by the policy is extended to include the remainder of Mexico, but only if **you** have valid and collectible liability coverages from a licensed Mexican

insurance company at the time of loss. This paragraph (B.2.) applies only if the original liability suit for BI or PD is brought in the USA.

3. Coverage under this policy does not extend:

a. To any **covered person**, as defined in this policy, who does not live in the USA.

b. To any **covered person**, as defined in this policy, occupying a vehicle which is not principally garaged and used in the USA.

c. To any vehicle which is not principally garaged and used in the USA.

4. The words "state or province" as used in the Out of State Coverage provision in Part A of the policy do not include a "state or province" of Mexico.

5. Losses payable under Part D of the policy will be paid in the USA. If the vehicle must be repaired in Mexico, our limit of liability will be determined at the nearest point in the USA where repairs can be made.

6. Any insurance **we** provide will be excess over any other similar valid and collectible insurance.

## REDUCING THE RISK OF LOSS

**We** may occasionally provide **you** with products or services that assist **you** in preventing or reducing the risk of loss, and may provide an incentive for **your** use of these items.

## SPOUSE ACCESS

A. The named insured and **we** agree that the named insured and resident spouse are "customers" for purposes of state and federal privacy laws. The resident spouse will have access to the same information

0901119ca9572f6a                    USAA Confidential

(PART E Cont'd.)

available to the named insured and may initiate the same transactions as the named insured.

B. The named insured may notify us that he/she no longer agrees that the resident spouse shall be treated as a "customer" for purposes of state and federal privacy laws, and we will not permit the resident spouse to access policy information.

## TERMINATION

A. Cancellation. This policy may be cancelled during the policy period as follows:

1. You may cancel this policy at any time, but the effective date of cancellation cannot be earlier than the date of the request unless we agree to an earlier date.

2. We may cancel this policy by sending notice to the named insured shown on the Declarations. This cancellation notice may be delivered to the named insured, mailed by postal mail to the most recent address you provided to us or sent electronically if we have your consent and agreement on file to receive documents electronically. In any event, we will give at least 15 days notice.

3. During the first 90 days this policy is in effect, the policy may be cancelled for any reason.

4. After this policy is in effect for 90 days, or if this is a renewal policy, we will cancel only:

   a. For nonpayment of premium;

   b. If your driver's license, or that of any driver who either resides in your household or customarily operates your covered auto, has been suspended or revoked. This must have occurred:

      (1) During the policy period; or

      (2) During the 90 days immediately preceding the last anniversary of the effective date.

   c. For any other reason not prohibited by law.

B. Nonrenewal. If we decide not to renew this policy, we will send notice to the named insured shown on the Declarations. This notice may be delivered to the named insured, mailed to you by postal mail to the most recent address you provided to us or sent electronically if we have your consent and agreement on file to receive documents electronically. In any event, notice will be sent at least 15 days before the end of the policy period.

C. Automatic Termination. If we offer to renew and you do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due will mean that you have not accepted our offer.

D. Other Termination Provisions.

1. Proof of mailing or electronic transmission of any notice will be sufficient proof of notice.

2. If this policy is cancelled, the named insured shown on the Declarations may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice will become the end of the policy period.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

A. Your rights and duties under this policy may not be assigned without our written consent. However, if the named insured

0901119ca957216a

USAA Confidential

(PART E Cont'd.)

shown on the Declarations dies, we will provide coverage until the end of the policy period for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if the named insured shown on the Declarations; and

2. The legal representative of the deceased person as if the named insured shown on the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use your covered auto.

### TWO OR MORE AUTO POLICIES

A. If this policy and any other auto insurance policy we issued to you apply to the same accident, the maximum limit of our liability under all the policies will not exceed the highest applicable limit of liability under any one policy.

B. This provision does not apply to Part C – UM Coverage and UIM Coverage.

Copyright, USAA, 2011. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.

0901119ca9572561

USAA Confidential

THIS PAGE INTENTIONALLY LEFT BLANK

0901119ca957256a

USAA Confidential



**USAA**
9800 Fredericksburg Road
San Antonio, Texas 78288

# SOUTH CAROLINA AUTO POLICY

### READ YOUR POLICY, DECLARATIONS AND ENDORSEMENTS CAREFULLY

The automobile insurance contract between the named insured and the company shown on the Declarations page consists of this policy plus the Declarations page and any applicable endorsements. The Quick Reference section outlines essential information contained on the Declarations and the major parts of the policy.

**The policy provides the coverages and amounts of insurance shown on the Declarations for which a premium is shown.**

This is a participating policy. You are entitled to dividends as may be declared by the board of directors.

If this policy is issued by United Services Automobile Association ("USAA"), a reciprocal interinsurance exchange, the following apply:

- By purchasing this policy you are a member of USAA and are subject to its bylaws.

- This is a non-assessable policy. You are liable only for the amount of your premium as USAA has a free surplus in compliance with Article 19.03 of the Texas Insurance Code of 1951, as amended.

- The board of directors may annually allocate a portion of USAA's surplus to Subscriber's Accounts. Amounts allocated to such accounts remain a part of USAA's surplus and may be used as necessary to support the operations of the Association. A member shall have no right to any balance in the member's account except until following termination of membership, as provided in the bylaws.

## QUICK REFERENCE

| | | **DECLARATIONS PAGE** |
|---|---|---|
| | | Named Insured and Address |
| | | Policy Period |
| | | Operators |
| | | Description of Vehicle(s) |
| | | Coverages, Amounts of Insurance and Premiums |
| | | Endorsements |
| Beginning on Page | 3 | **Agreement and Definitions** |
| Part A | 4 | **Liability Coverage** |
| | | Definitions |
| | | Insuring Agreement |
| | | Bodily Injury Liability Coverage and Property Damage Liability Coverage |
| | | Limit of Liability |
| | | Supplementary Payments |
| | | Exclusions |
| | | Out of State Coverage |
| | | Other Insurance |
| Part B | 7 | **Personal Injury Protection Coverage** |
| | | Definitions |
| | | Insuring Agreement |
| | | Limit of Liability |
| | | Exclusions |
| | | Other Insurance |
| Part B | 10 | **Medical Payments Coverage** |
| | | Definitions |
| | | Insuring Agreement |
| | | Limit of Liability |
| | | Exclusions |
| | | Other Insurance |
| | | Special Provisions |

(Quick Reference continued on Page 2)

5100SC(05) Rev. 06-15

56359-0715__06
Page 1 of 30

USAA Confidential

| Part C 13 | Uninsured Motorists Coverage and Underinsured Motorists Coverage | Part E 23 | General Provisions |
|---|---|---|---|
| | Definitions<br>Insuring Agreement<br>  Uninsured Motorists Coverage<br>  Underinsured Motorists Coverage<br>Limit of Liability<br>Exclusions<br>Other Insurance<br>Non-Duplication<br>Loss Payable Clause | | Bankruptcy<br>Changes<br>Conformity to Law<br>Duties After an Accident or Loss<br>Legal Action Against Us<br>Misrepresentation<br>Non-Duplication of Payment<br>Our Right to Recover Payment<br>Ownership<br>Policy Period and Territory<br>Reducing the Risk of Loss<br>Spouse Access<br>Termination<br>Transfer of Your Interest in this Policy<br>Two or More Auto Policies |
| Part D 18 | Physical Damage Coverage | | |
| | Definitions<br>Insuring Agreement<br>  Comprehensive Coverage<br>  Collision Coverage<br>  Rental Reimbursement Coverage<br>  USAA Roadside Assistance<br>Limit of Liability<br>Payment of Loss<br>Loss Payable Clause<br>Waiver of Collision Deductible<br>Exclusions<br>No Benefit to Bailee<br>Other Sources of Recovery<br>Appraisal | | |

0901119ca9572961

USAA Confidential

# SOUTH CAROLINA AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we will provide the coverages and limits of liability for which a premium is shown on the Declarations.

## DEFINITIONS

The words defined below are used throughout this policy. They are in **boldface** when used.

A. **"You"** and **"your"** refer to the "named insured" shown on the Declarations and spouse if a resident of the same household.

B. **"We,"** **"us,"** and **"our"** refer to the Company providing this insurance.

C. **"Auto business"** means the business of altering, customizing, leasing, parking, repairing, road testing, delivering, selling, servicing, towing, repossessing or storing vehicles.

D. **"Bodily injury"** (referred to as **BI**).

  1. **"Bodily injury"** means bodily harm, sickness, disease or death.

  2. **"Bodily injury"** does not include mental injuries such as emotional distress, mental anguish, humiliation, mental distress, or any similar injury unless it arises out of physical injury to some person.

E. **"Driving contest or challenge"** includes, but is not limited to:

  1. A competition against other people, vehicles, or time; or

  2. An activity that challenges the speed or handling characteristics of a vehicle or improves or demonstrates driving skills, provided the activity occurs on a track or course that is closed from non-participants.

F. **"Family member"** means a person related to you by blood, marriage or adoption who resides primarily in your household. This includes a ward or foster child.

G. **"Fungi"** means any type or form of fungi, including mold or mildew, and includes any mycotoxins, spores, scents, or byproducts produced or released by fungi.

H. **"Miscellaneous vehicle"** means the following motorized vehicles: motor home; golf cart; snowmobile; all-terrain vehicle; or dune buggy.

I. **"Motorcycle"** means a two- or three-wheeled motor vehicle that is subject to motor vehicle licensing in the location where the **motorcycle** is principally garaged.

J. **"Newly acquired vehicle."**

  1. **"Newly acquired vehicle"** means a vehicle, not insured under another policy, that is acquired by **you** or any **family member** during the policy period and is:

    a. A private passenger auto, pickup, trailer, or van;

    b. A **miscellaneous vehicle** that is not used in any business or occupation; or

    c. A **motorcycle**, but only if a **motorcycle** is shown on the current Declarations.

5100SC(05) Rev. 08-15

0901119ca9572961

USAA Confidential

(DEFINITIONS Cont'd.)

2. We will automatically provide for the **newly acquired vehicle** the broadest coverages as are provided for any vehicle shown on the Declarations. If your policy does not provide Comprehensive Coverage or Collision Coverage, we will automatically provide these coverages for the **newly acquired vehicle** subject to a $500 deductible for each loss.

3. Any automatic provision of coverage under J.2. will apply for up to 30 days after the date **you** or any **family member** becomes the owner of the **newly acquired vehicle.** If you wish to continue coverage for the **newly acquired vehicle** beyond this 30-day period, **you** must request it during this 30-day period, and we must agree to provide the coverage you request for this vehicle. If you request coverage after this 30-day period, any coverage that we agree to provide will be effective at the date and time of your request unless we agree to an earlier date.

K. "Occupying" means in, on, getting into or out of.

L. **"Property damage"** (referred to as PD).

1. **"Property damage"** means physical injury to, destruction of, or loss of use of tangible property.

2. For purposes of this policy, electronic data is not tangible property. Electronic data means information, facts or programs:

   a. Stored as or on;

   b. Created or used on; or

   c. Transmitted to or from;

   computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

M. **"Trailer"** means a vehicle designed to be pulled by a private passenger auto, pickup, van, or **miscellaneous vehicle.** It also means a farm wagon or implement white towed by such vehicles.

N. **"Van"** means a four-wheeled land motor vehicle of the van type with a load capacity of not more than 2,000 pounds.

O. **"Your covered auto"** means:

   1. Any vehicle shown on the Declarations.

   2. Any **newly acquired vehicle.**

   3. Any **trailer** you own.

---

# PART A – LIABILITY COVERAGE

---

## DEFINITIONS

**"Covered person"** as used in this Part means:

1. **You** or any **family member** for the ownership, maintenance or use of any auto or trailer.

2. Any person using **your covered auto.**

3. Any other person or organization, but only with respect to legal liability imposed on them for the acts or omissions of a person for whom coverage is afforded in 1. or 2. above. With respect to an auto or trailer other than **your covered auto,** this provision only applies if the other person or organization does not own or hire the auto or trailer.

5100SC(05) Rev. 06-15

0901119ca9572961

USAA Confidential

{PART A Cont'd.}

The following are not **covered persons** under Part A:

1. The United States of America or any of its agencies.

2. Any person with respect to **BI** or **PD** resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the **BI** or **PD**.

## INSURING AGREEMENT

We will pay damages for **BI** or **PD** for which any **covered person** becomes legally liable because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. Our duty to settle or defend ends when our limit of liability for these coverages has been paid or tendered. We have no duty to defend any suit or settle any claim for **BI** or **PD** not covered under this policy.

## LIMIT OF LIABILITY

For **BI** sustained by any one person in any one auto accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for **BI** Liability. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for **BI** Liability is our maximum limit of liability for all damages for **BI** resulting from any one auto accident. The limit of liability shown on the Declarations for "each accident" for **PD** Liability is our maximum limit of liability for all damages to all property resulting from any one auto accident.

These limits are the most we will pay regardless of the number of:

1. **Covered persons**;

2. Claims made;

3. Vehicles or premiums shown on the Declarations; or

4. Vehicles involved in the auto accident.

However, if a policy provision that would defeat coverage for a claim under this Part is declared to be unenforceable as a violation of the state's financial responsibility law, our limit of liability will be the minimum required by the state's financial responsibility law.

## SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of a **covered person**:

1. Premiums on appeal bonds and bonds to release attachments in any suit we defend. But we will not pay the premium for bonds with a face value over our limit of liability shown on the Declarations.

2. Prejudgment interest awarded against the **covered person** on that part of the judgment we pay. If we make an offer to pay the applicable limit of liability, we will not pay any prejudgment interest based on that period of time after the offer.

3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $250 a day for loss of wages because of attendance at hearings or trials at our request.

5. The amount a **covered person** must pay to the United States Government because of damage to a government-owned private passenger auto, pickup, or van which occurs while the vehicle is in the care, custody, or control of a **covered person**. The most we will pay is an amount equal to one month of the basic salary of the **covered person** at the time of a loss. Only Exclusions A.1. and A.8. apply.

0901119ca9572961

USAA Confidential

(PART A Cont'd.)

6. Other reasonable expenses incurred at our request.

7. All defense costs we incur.

## EXCLUSIONS

A. We do not provide Liability Coverage for any covered person:

1. Who intentionally acts or directs to cause BI or PD, or who acts or directs to cause with reasonable expectation of causing BI or PD. This exclusion (A.1.) applies only to the extent that the limits of liability under this Part exceed $25,000 for each person and $50,000 for each accident for BI and $25,000 for PD.

2. For PD to property owned or being transported by a covered person.

3. For PD to property rented to, used by, or in the care of any covered person. This exclusion (A.3.) does not apply to damage to a residence or garage.

4. For BI to an employee of that person which occurs during the course of employment. This exclusion (A.4.) does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons for a fee. This exclusion (A.5.) does not apply to:

   a. A share-the-expense car pool; or

   b. Your covered auto used for volunteer work when reimbursement is limited to mileage expenses.

6. While employed or otherwise engaged in the auto business. This exclusion (A.6.) does not apply to the ownership, maintenance, or use of your covered auto by you, any family member, or any partner, agent, or employee of you or any family member.

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation other than the auto business, farming, or ranching. This exclusion (A.7.) does not apply:

   a. To the maintenance or use of a private passenger auto; a pickup or van owned by you or any family member, or a trailer used with these vehicles.

   b. To the maintenance or use of a pickup or van not owned by you or any family member if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

8. Using a vehicle without expressed or implied permission.

9. For BI or PD for which that person is an insured under any nuclear energy liability policy. This exclusion (A.9.) applies even if that policy is terminated due to exhaustion of its limit of liability.

10. For BI or PD occurring while your covered auto is rented or leased to others, or shared as part of a personal vehicle sharing program.

11. For BI sustained as a result of exposure to fungi, wet or dry rot, or bacteria.

12. For BI to a relative who resides primarily in that covered person's household. This exclusion (A.12.) applies only to the extent that the limits of liability for BI under this Part exceed $25,000 for each person and $50,000 for each accident.

0901119ca9572961

USAA Confidential

(PART A Cont'd.)

B. We do not provide Liability Coverage for the ownership, maintenance, or use of:

1. Any vehicle that is not **your covered auto** unless that vehicle is:

    a. A four- or six-wheel land motor vehicle designed for use on public roads;

    b. A moving van for personal use;

    c. A **miscellaneous vehicle**; or

    d. A vehicle used in the business of farming or ranching.

2. Any vehicle, other than **your covered auto**, that is owned by **you**, or furnished or available for your regular use. This exclusion (B.2.) does not apply to a vehicle not owned by **you** if the vehicle's owner has valid and collectible primary liability insurance or self-insurance in force at the time of the accident.

3. Any vehicle, other than **your covered auto**, that is owned by or furnished or available for the regular use of any **family member**. This exclusion (B.3.) does not apply:

    a. To **your** maintenance or use of such vehicle; or

    b. To a vehicle not owned by any **family member** if the vehicle's owner has valid and collectible primary liability insurance or

self-insurance in force at the time of the accident.

4. Any vehicle while being operated in, or in practice for, any driving contest or challenge.

C. There is no coverage for liability assumed by any **covered person** under any contract or agreement.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, **your** policy will provide at least the minimum amounts and types of liability coverages required by law. However, no one will be entitled to duplicate payments for the same elements of loss.

## OTHER INSURANCE

If there is other applicable liability insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide to a **covered person** with respect to the following vehicles shall be excess over (1) any other applicable liability insurance or (2) any self-insurance in compliance with a state's financial responsibility law or mandatory insurance law:

1. A vehicle **you** do not own; or

2. **Your covered auto** while in the possession of an **auto business**.

---

# PART B - PERSONAL INJURY PROTECTION COVERAGE
(referred to as PIP Coverage)

## DEFINITIONS

A. "Auto" means a motor vehicle of the kind required to be registered under the South Carolina Motor Vehicle Registration and Licensing Act.

B. "**Covered person**" as used in this Part means:

1. **You** or any **family member**; or

2. Any other person who sustains BI while:

    a. Occupying **your covered auto**; or

    b. Not occupying a motor vehicle as a result of an accident involving **your covered auto**.

5100SC(05) Rev. 06-15

0901119ca9572961                    USAA Confidential

(PART B Cont'd.)

C. "**Medical payment fee**" is an amount, as determined by **us** or someone on **our** behalf, that **we** will pay for charges made by a licensed hospital, licensed physician, or other licensed medical provider for **medically necessary and appropriate medical services**. The amount that **we** will pay will be one of the following:

1. The amount provided by an applicable agreement with a Preferred Provider Organization, Preferred Provider Network, or other similar agreement; or

2. The amount required, approved, or allowed by a fee schedule established by a state, federal, or other governmental entity in the relevant geographic area; or

3. The amount negotiated with the provider; or

4. The lesser of the following:

   a. The actual amount billed; or

   b. A reasonable fee for the service provided.

D. "**Medically necessary and appropriate medical services**" means services for remedial treatment and care rendered in accordance with a recognized religious healing method or those services or supplies provided or prescribed by a licensed hospital, licensed physician, or other licensed medical provider that, as determined by **us** or someone on **our** behalf, are required to identify or treat **BI** caused by an auto accident and sustained by a **covered person** and that are:

1. Consistent with the symptoms, diagnosis, and treatment of the **covered person's** injury and appropriately documented in the **covered person's** medical records;

2. Provided in accordance with recognized standards of care for the **covered person's** injury at the time the charge is incurred;

3. Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;

4. Not primarily for the convenience of the **covered person**, his or her physician, hospital, or other health care provider;

5. The most appropriate supply or level of service that can be safely provided to the **covered person**; and

6. Not excessive in terms of scope, duration, or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

However, "**medically necessary and appropriate medical services**" do not include the following:

1. Nutritional supplements or over-the-counter drugs;

2. Experimental services or supplies, which means services or supplies that **we** determine have not been accepted by the majority of the relevant medical specialty as safe and effective for treatment of the condition for which its use is proposed; or

3. Inpatient services or supplies provided to the **covered person** when these could safely have been provided to the **covered person** as an outpatient.

## INSURING AGREEMENT

A. **We** will pay PIP Coverage benefits to or for a **covered person** who sustains **BI** caused by an accident and resulting from the ownership, maintenance or use of an **auto** as an **auto**.

0901119ca9572961                    USAA Confidential

{PART B Cont'd.}

B. We, or someone on our behalf, will review and audit claims for benefits under PIP Coverage. We are only obligated to pay expenses for the following benefits:

1. Medical Expenses. We will pay only the **medical payment fee for medically necessary and appropriate medical services** incurred within three years from the date of the accident. Only semi-private hospital room charges will be paid unless special or intensive care is required.

2. Funeral Expense. We will pay the reasonable funeral and burial expense actually incurred for death of a **covered person** that occurs within three years from the date of the accident.

3. Work Loss Benefits. We will pay for loss of income from work which a **covered person** would have performed except for the BI.

   a. We will pay Work Loss Benefits for no more than three years from the date of the accident.

   b. Work Loss Benefits will not continue after the death of the **covered person.**

   Work loss applies only if the **covered person** was an income or wage producer at the time of the accident.

4. Essential Services Expenses. We will pay necessary and reasonable expenses for services which would ordinarily have been performed for the benefit of his or her family by a **covered person** who was not an income earner.

   a. Expenses must be incurred within three years from the date of the accident.

   b. We will not pay for expenses incurred after the death of the **covered person.**

## LIMIT OF LIABILITY

Our maximum limit of liability for all benefits for each **covered person** injured in any one auto accident is $1,000. This is the most we will pay regardless of the number of:

1. **Covered persons;**

2. Claims made;

3. Vehicles or premiums shown on the Declarations;

4. Vehicles involved in the accident; or

5. Insurers providing no-fault benefits.

## EXCLUSIONS

We do not provide any coverage or benefits under this Part for BI:

1. Sustained by any **covered person** who:

   a. Intentionally causes the accident resulting in the BI; or

   b. Operates or voluntarily rides in a vehicle known by that person to be stolen; or

   c. Is committing a felony; or

   d. Fails to stop an auto he or she is operating when signaled by any law enforcement vehicle by means of a siren or flashing light.

2. Sustained by any **covered person** while occupying, or while a pedestrian as a result of an accident involving, an auto (other than **your covered auto**) insured for PIP Coverage.

3. Sustained by any **covered person** while not occupying a motor vehicle if the accident occurs outside South Carolina. This exclusion (3.) does not apply to **you** or any **family member.**

5100SC(05) Rev. 06-15

0901119ca9572961    USAA Confidential

(PART B Cont'd.)

4. Sustained by any **covered person** while occupying an auto located for use as a residence or premises.

5. Caused by or as a consequence of war (declared or undeclared), civil war, a discharge of a nuclear weapon (even if accidental), insurrection, or rebellion or revolution.

6. Resulting from or as a consequence of the following, whether controlled, uncontrolled, or however caused:

   a. Nuclear reaction;

   b. Radiation; or

   c. Radioactive contamination.

7. Sustained by any covered person arising out of the ownership, maintenance or use of a **motorcycle** by that person.

8. Sustained by **you** or any **family member** while occupying any auto owned by **you** which is not insured for PIP Coverage under this policy.

9. Sustained by any **family member** while occupying any auto owned by that **family member** that is not insured for PIP Coverage under this policy.

10. Sustained while a participant in, or in practice for, any **driving contest or challenge.**

11. Sustained as a result of a **covered person's** exposure to fungi, wet or dry rot, or bacteria.

### OTHER INSURANCE

No person shall recover benefits from more than one policy or one insurer on either a duplicate or supplemental basis, regardless of the number of motor vehicles covered or insurers (including self-insurers).

---

## PART B – MEDICAL PAYMENTS COVERAGE

### DEFINITIONS

A. "Covered person" as used in this Part means:

   1. **You** or any **family member** while occupying any auto.

   2. Any other person while **occupying your covered auto.**

   3. **You** or any **family member** while not occupying a motor vehicle if injured by:

      a. A motor vehicle designed for use mainly on public roads;

      b. A **miscellaneous vehicle;** or

      c. A **trailer.**

B. "**Medical payment fee**" is an amount, as determined by **us** or someone on **our** behalf, that **we** will pay for charges made by a licensed hospital, licensed physician, or other licensed medical provider for **medically necessary and appropriate medical services.** The amount that **we** will pay will be one of the following:

   1. The amount provided by an applicable agreement with a Preferred Provider Organization, Preferred Provider Network, or other similar agreement; or

   2. The amount required, approved, or allowed by a fee schedule established by a state, federal, or other governmental entity in the relevant geographic area; or

0901119ca9572961

USAA Confidential

(PART B Cont'd.)

3. The amount negotiated with the provider; or

4. The lesser of the following:

   a. The actual amount billed; or

   b. A reasonable fee for the service provided.

C. "**Medically necessary and appropriate medical services**" are those services or supplies provided or prescribed by a licensed hospital, licensed physician, or other licensed medical provider that, as determined by us or someone on our behalf, are required to identify or treat BI caused by an auto accident and sustained by a **covered person** and that are:

   1. Consistent with the symptoms, diagnosis, and treatment of the **covered person's** injury and appropriately documented in the **covered person's** medical records;

   2. Provided in accordance with recognized standards of care for the **covered person's** injury at the time the charge is incurred;

   3. Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;

   4. Not primarily for the convenience of the **covered person**, his or her physician, hospital, or other health care provider;

   5. The most appropriate supply or level of service that can be safely provided to the **covered person**; and

   6. Not excessive in terms of scope, duration, or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

However, "**medically necessary and appropriate medical services**" do not include the following:

1. Nutritional supplements or over-the-counter drugs;

2. Experimental services or supplies, which means services or supplies that **we** determine have not been accepted by the majority of the relevant medical specialty as safe and effective for treatment of the condition for which its use is proposed; or

3. Inpatient services or supplies provided to the **covered person** when these could safely have been provided to the **covered person** as an outpatient.

INSURING AGREEMENT

A. **We** will pay only the **medical payment fee** for **medically necessary and appropriate medical services** and the reasonable expense for funeral services. These fees and expenses must:

   1. Result from BI sustained by a **covered person** in an auto accident; and

   2. Be incurred for services rendered within one year from the date of the auto accident.

B. **We** or someone on **our** behalf will review, by audit or otherwise, claims for benefits under this coverage to determine if the charges are **medical payment fees** for **medically necessary and appropriate medical services** or reasonable expenses for funeral services. A provider of medical or funeral services may charge more than the amount **we** determine to be **medical payment fees** and reasonable expenses, but such additional charges are not covered.

C. **We** will not be liable for pending or subsequent benefits if a **covered person** or assignee of benefits under Medical Payments Coverage unreasonably refuses to submit to an examination as required in Part E – General Provisions, Duties After An Accident or Loss.

5100SC(05) Rev. 06-15

0901119ca9572961

USAA Confidential

{PART B Cont'd.}

## LIMIT OF LIABILITY

A. The limit of liability shown on the Declarations for Medical Payments Coverage is the maximum limit of liability for each covered person injured in any one accident. This is the most we will pay regardless of the number of:

1. Covered persons;

2. Claims made;

3. Vehicles or premiums shown on the Declarations; or

4. Vehicles involved in an auto accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Any PIP Coverage; or

2. Part A or Part C of this policy.

## EXCLUSIONS

We do not provide benefits under this Part for any covered person for BI:

1. Sustained while occupying any vehicle that is not your covered auto unless that vehicle is:

   a. A four- or six-wheel land motor vehicle designed for use on public roads;

   b. A moving van for personal use;

   c. A miscellaneous vehicle; or

   d. A vehicle used in the business of farming or ranching.

2. Sustained while occupying your covered auto when it is being used to carry persons for a fee. This exclusion (2.) does not apply to:

   a. A share-the-expense car pool; or

   b. Your covered auto used for volunteer work when reimbursement is limited to mileage expenses.

3. Sustained while occupying any vehicle located for use as a residence.

4. Occurring during the course of employment if workers' compensation benefits are required or available.

5. Sustained while occupying, or when struck by, any vehicle, other than your covered auto, that is owned by you.

6. Sustained while occupying, or when struck by, any vehicle, other than your covered auto, that is owned by any family member. This exclusion (6.) does not apply to you.

7. Sustained while occupying a vehicle without expressed or implied permission.

8. Sustained while occupying a vehicle when it is being used in the business or occupation of a covered person. This exclusion (8.) does not apply to BI sustained while occupying a private passenger auto, pickup or van, or a trailer used with these vehicles.

9. Caused by or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

10. Sustained while occupying your covered auto while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

11. Sustained while a participant in, or in practice for, any driving contest or challenge.

12. Sustained as a result of a covered person's exposure to fungi, wet or dry rot, or bacteria.

0901119ca9572961

USAA Confidential

(PART B Cont'd.)

## OTHER INSURANCE

If there is other applicable auto medical payments insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## SPECIAL PROVISIONS

If your covered auto and every other motor vehicle you own are within the policy territory referred to in Part E – General Provisions, then coverage under Part B – Medical Payments Coverage will apply to you and any family member anywhere in the world.

---

# PART C – UNINSURED MOTORISTS COVERAGE (referred to as UM Coverage) and UNDERINSURED MOTORISTS COVERAGE (referred to as UIM Coverage)

## DEFINITIONS

A. "Covered person" as used in this Part means:

1. You or any family member.

2. Any other person occupying your covered auto.

3. Any person for damages that person is entitled to recover because of BI to which this coverage applies sustained by a person described in 1. or 2. above.

However, "covered person" does not include the United States of America or any of its agencies.

B. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

1. To which neither a liability bond or policy, nor cash or securities deposited with the State Treasurer, applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident but its limits for liability are less than the minimum limits specified by the South Carolina Financial Responsibility Act.

3. That is a hit-and-run motor vehicle. This means a motor vehicle whose owner or operator cannot be identified and that hits or that causes an accident resulting in BI or PD without hitting:

   a. You or any family member;

   b. A vehicle you or any family member is occupying;

   c. Your covered auto; or

   d. Any of your property.

   If there is no physical contact with the hit-and-run motor vehicle, the facts of the accident must be corroborated by an affidavit attesting to the truth of the facts of the accident signed by any eyewitness other than the owner or operator of the vehicle which you or any family member were occupying at the time of the accident.

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

   a. Successfully denies coverage;

   b. Is or becomes insolvent;

   c. Is in delinquency proceedings, suspension or receivership; or

   d. Is proven unable to respond to a judgment.

5100SC(05) Rev. 06–15

USAA Confidential

(PART C Cont'd.)

5. For which the owner has not qualified as a self-insurer.

However, "uninsured motor vehicle" does not include any vehicle or equipment:

1. Owned by any governmental unit or agency unless a cause of action against that governmental unit or agency is barred by the Tort Claims Act, South Carolina Laws, 1986, Ratification No. 514, Sub-section 15-78-60, or by other applicable statute.

2. Operated on rails or crawler treads, except for a snowmobile.

3. Designed mainly for use off public roads while not on public roads.

C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a liability bond or policy applies at the time of the accident in limits equal to or greater than the minimum limit for liability specified by the South Carolina Financial Responsibility Act, but the limits of that bond or policy are not enough to pay the full amount the covered person is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include an uninsured motor vehicle or any vehicle or equipment:

1. Operated on rails or crawler treads, except for a snowmobile.

2. Designed mainly for use off public roads while not on public roads.

3. While located for use as a residence or premises.

INSURING AGREEMENT

A. UM Coverage.

1. We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:

a. BI sustained by a covered person and caused by an auto accident; and

b. PD to the property of a covered person.

2. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.

3. Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

4. We will pay under UM Coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. This provision applies only to definition B.2. under this Part.

B. UIM Coverage.

1. We will pay the following damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of an auto accident:

a. BI sustained by a covered person; and

b. PD to your covered auto.

2. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle.

5100SC(05) Rev. 06-15

Page 14 of 30

USAA Confidential

{PART C Cont'd.}

## LIMIT OF LIABILITY

A. UM Coverage.

1. For BI sustained by any one person in any one accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative, or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for BI under UM Coverage. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for BI under UM Coverage is our maximum limit of liability for all damages for BI resulting from any one accident. For PD sustained in any one accident, our maximum limit of liability for all resulting damages is the limit of liability shown on the Declarations for PD under UM Coverage. These limits are the most we will pay regardless of the number of:

   a. Covered persons;

   b. Claims made;

   c. Vehicles or premiums shown on the Declarations;

   d. Premiums paid; or

   e. Vehicles involved in the accident.

2. However, if you or any family member sustains BI or PD while occupying your covered auto and:

   a. No covered person other than you or any family member sustains BI or PD in the accident, our maximum limits of liability will be the limits of liability in Paragraph A.1., multiplied by the number of premiums shown on the Declarations for UM Coverage.

   b. BI or PD is also sustained in the accident by a covered person other than you or any family member:

      (1) The most we will pay for BI or PD to you or any family member is the sum of:

         (a) The pro rata share of the "each accident" limit of liability shown on the Declarations for BI or PD under UM Coverage for the vehicle occupied at the time of the accident; and

         (b) The "each person" limit of liability shown on the Declarations for BI under UM Coverage or the "each accident" limit of liability for PD under UM Coverage, multiplied by the number of premiums for UM Coverage shown on the Declarations for all your covered autos not occupied at the time of the accident.

      (2) Subject to the limit of liability for each person in Paragraph A.2.b.(1) above, the most we will pay for all BI or PD sustained by you and all family members in any one accident is the sum of:

         (a) The pro rata share of the "each accident" limit of liability shown on the Declarations for BI or PD under UM Coverage for the vehicle occupied at the time of the accident; and

         (b) The "each accident" limit of liability shown on the Declarations for BI or PD under UM Coverage, multiplied by the number of premiums for UM Coverage shown on the Declarations for all your covered autos not occupied at the time of the accident.

      (3) A person's pro-rata share is the proportion that that person's damages bear to the total damages sustained by all covered persons.

5100SC(05) Rev. 06-15

0901119ca9572961

USAA Confidential

(PART C Cont'd.)

    (4) These limits are the most we will pay regardless of the number of:

        (a) **Covered persons;**

        (b) Claims made;

        (c) Vehicles or premiums shown on the Declarations;

        (d) Premiums paid; or

        (e) Vehicles involved in the accident.

**B.** UIM Coverage.

    1. For BI sustained by any one person in any one accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative, or consequential damages recoverable by any persons, is the limit of liability shown on the Declarations for "each person" for BI under UIM Coverage. Subject to this limit for "each person," the limit of liability shown on the Declarations for "each accident" for BI under UIM Coverage is our maximum limit of liability for all damages for BI resulting from any one accident. For PD to your covered auto sustained in any one accident, our maximum limit of liability for all resulting damages is the limit of liability shown on the Declarations for PD under UIM Coverage. These limits are the most we will pay regardless of the number of:

        a. **Covered persons;**

        b. Claims made;

        c. Vehicles or premiums shown on the Declarations;

        d. Premiums paid; or

        e. Vehicles involved in the accident.

    2. However, if **you** or any **family member** sustains BI or PD while occupying **your covered auto** and:

    a. No covered person other than **you** or any **family member** sustains BI or PD in the accident, our maximum limits of liability will be the limits of liability in Paragraph B.1., multiplied by the number of premiums shown on the Declarations for UIM Coverage.

    b. BI or PD is also sustained in the accident by a covered person other than **you** or any **family member:**

        (1) The most **we** will pay for BI or PD to **you** or any **family member** is the sum of:

            (a) The pro rata share of the "each accident" limit of liability shown on the Declarations for BI or PD under UIM Coverage for the vehicle occupied at the time of the accident; and

            (b) The "each person" limit of liability shown on the Declarations for BI under UIM Coverage or the "each accident" limit of liability for PD under UIM Coverage, multiplied by the number of premiums for UIM Coverage shown on the Declarations for all **your covered autos** not occupied at the time of the accident.

        (2) Subject to the limit of liability for each person in Paragraph B.2.b.(1) above, the most **we** will pay for all BI or PD sustained by **you** and all **family members** in any one accident is the sum of:

            (a) The pro rata share of the "each accident" limit of liability shown on the Declarations for BI or PD under UIM Coverage for the vehicle occupied at the time of the accident; and

5100SC(05) Rev. 06-15

0901119ca9572961

**USAA Confidential**

{PART C Cont'd.}

(b) The "each accident" limit of liability shown on the Declarations for BI or PD under UIM Coverage, multiplied by the number of premiums for UIM Coverage shown on the Declarations for all your covered autos not occupied at the time of the accident.

(3) A person's pro-rata share is the proportion that that person's damages bear to the total of all damages sustained by all covered persons.

(4) These limits are the most we will pay regardless of the number of:

(a) Covered persons;

(b) Claims made;

(c) Vehicles or premiums shown on the Declarations;

(d) Premiums paid; or

(e) Vehicles involved in the accident.

C. Any amounts otherwise payable for damages under UM Coverage or UIM Coverage shall be reduced by all sums paid because of the BI or PD by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

## EXCLUSIONS

A. We do not provide UM Coverage:

1. For BI or PD sustained by any covered person if that person or legal representative settles the BI or PD claim without our consent.

2. For the first $200 of the amount of PD to each covered person's property as the result of any one accident.

B. We do not provide UIM Coverage for BI or PD sustained by any covered person while occupying, or when struck by, any vehicle, other than your covered auto, that is owned by that covered person.

C. We do not provide UM Coverage or UIM Coverage for BI or PD sustained by any covered person:

1. While occupying your covered auto when it is being used to carry persons for a fee. This exclusion (B.1.) does not apply to:

a. A share-the-expense car pool; or

b. Your covered auto used for volunteer work when reimbursement is limited to mileage expenses.

2. Using a vehicle without expressed or implied permission.

3. While your covered auto is rented or leased to others, or shared as part of a personal vehicle sharing program.

4. While occupying any vehicle when it is being operated in, or in practice for, any driving contest or challenge.

D. UM Coverage or UIM Coverage shall not apply directly or indirectly to benefit:

1. Any insurer or self-insurer under any workers' compensation law or similar disability benefits law; or

2. Any insurer of property.

## OTHER INSURANCE

A. If a covered person sustains BI while occupying a vehicle not owned by that person or while not occupying any vehicle, the following priorities of recovery apply:

FIRST PRIORITY    The policy affording UM Coverage or UIM Coverage to the vehicle the covered person was occupying at the time of the accident.

5100SC(05) Rev. 06-15

0901119ca9572961    USAA Confidential

(PART C Cont'd.)

SECOND PRIORITY Any policy affording UM Coverage or UIM Coverage to the covered person as a named insured or family member.

1. If there is no applicable insurance available under the first priority, the maximum recovery under all policies in the second priority shall not exceed the highest applicable limit for any one vehicle under any one policy.

2. If there is applicable insurance available under the first priority:

   a. The limit of liability applicable to the vehicle the covered person was occupying under the policy in the first priority shall first be exhausted; and

   b. The maximum recovery in the second priority shall not exceed the highest limit for any one vehicle under any one policy in the second priority.

3. We will pay only our share of the loss, not to exceed our share of the maximum recovery. Our share is the proportion that our limit of liability bears to the total of all applicable limits in the same level of priority.

B. With respect to PD, this insurance shall apply only after the limits of any other collectible insurance applicable to the damaged property have been exhausted.

## NON-DUPLICATION

No covered person will be entitled to receive duplicate payments under this coverage for the same elements of loss which were:

1. Paid because of the BI or PD by or on behalf of persons or organizations who may be legally responsible.

2. Paid or payable under any workers' compensation law or similar disability benefits law. This (2.) does not apply to UM Coverage.

3. Paid under Part A of this policy.

4. Paid under any auto policy medical expense coverage.

5. Paid because of PD under Part D of this policy or any similar coverage under any other policy.

## LOSS PAYABLE CLAUSE

With respect to PD, loss or damage under UM Coverage or UIM Coverage will be paid, as interest may appear, to the named insured and the loss payee shown on the Declarations. When we pay the loss payee we will, to the extent of payment, be subrogated to the loss payee's right of recovery.

# PART D – PHYSICAL DAMAGE COVERAGE

## DEFINITIONS

A. "Actual cash value" means the amount that it would cost, at the time of loss, to buy a comparable vehicle. As applied to your covered auto, a comparable vehicle is one of the same make, model, model year, body type, and options with substantially similar mileage and physical condition.

B. "Collision" means the impact with an object and includes upset of a vehicle. Loss caused by the following is covered under Comprehensive Coverage and is not considered collision: fire; missiles or falling objects; hail, water or flood; malicious mischief or vandalism; theft or larceny; riot or civil commotion; explosion or earthquake; contact with bird or animal;

5100SC(05) Rev. 06-15

0901119ca9572961

USAA Confidential

(PART D Cont'd.)

windstorm; or breakage of window glass. If breakage of window glass is caused by a collision, you may elect to have it considered a loss caused by collision.

C. "Custom equipment" means equipment, furnishings and parts permanently installed in or upon your covered auto, other than:

1. Original manufacturer equipment, furnishings or parts;

2. Any replacement of original manufacturer equipment, furnishings or parts with other equipment, furnishings or parts of like kind and quality;

3. Equipment, furnishings or parts designed to assist disabled persons;

4. Anti-theft devices and devices intended to monitor or record driving activity; and

5. Tires of a substantially similar size as those installed by the manufacturer.

D. "Loss" means direct and accidental damage to the operational safety, function, or appearance of, or theft of, your covered auto or personal property contained in your covered auto. Loss includes a total loss, but does not include any damage other than the cost to repair or replace. Loss does not include any loss of use, or diminution in value that would remain after repair or replacement of the damaged or stolen property.

E. "Nonowned vehicle."

1. "Nonowned vehicle" means any private passenger auto, pickup, van, miscellaneous vehicle, or trailer not owned by, or furnished or available for the regular use of, you or any family member. This applies only when the vehicle is in the custody of or being operated by you or any family member.

2. A nonowned vehicle does not include any of the following vehicles used in any business or occupation other than farming or ranching:

a. A pickup;

b. A van; or

c. A miscellaneous vehicle.

F. "Repair."

1. "Repair" means restoring the damaged property to its pre-loss operational safety, function, and appearance. This may include the replacement of component parts.

2. Repair does not require:

a. A return to the pre-loss market value of the property;

b. Restoration, alteration, or replacement of undamaged property, unless such is needed for the operational safety of the vehicle; or

c. Rekeying of locks following theft or misplacement of keys.

G. "Your covered auto," as used in this Part, includes:

1. Custom equipment, up to a maximum of $5,000, in or on your covered auto.

2. A nonowned vehicle. If there is a loss to a nonowned vehicle, we will provide the broadest coverage shown on the Declarations.

INSURING AGREEMENT

A. Comprehensive Coverage (excluding collision).

1. Physical damage. We will pay for loss caused by other than collision to your covered auto, including its equipment,

0901119ca9572961

USAA Confidential

(PART D Cont'd.)

and personal property contained in your covered auto, minus any applicable deductible shown on the Declarations.

No deductible under Comprehensive Coverage or Collision Coverage applies to the cost of repairing or replacing damaged automobile safety glass.

2. Transportation expenses. We will also pay:

   a. Up to $30 a day, to a maximum of $900, for transportation expenses incurred by you or any family member. This applies only in the event of a total theft of your covered auto. We will pay only transportation expenses incurred during the period beginning 48 hours after the theft and ending when your covered auto is returned to use or, if not recovered or not repairable, up to seven days after we have made a settlement offer.

   b. If Rental Reimbursement Coverage is afforded, limits for transportation expenses are the limits of liability shown on the Declarations for Rental Reimbursement Coverage for that vehicle.

B. Collision Coverage. We will pay for loss caused by collision to your covered auto, including its equipment, and personal property contained in your covered auto, minus any applicable deductible shown on the Declarations.

C. Rental Reimbursement Coverage (for loss other than total theft).

   1. We will reimburse you for expenses you or any family member incurs to rent a substitute for your covered auto. This coverage applies only if:

      a. Your covered auto is withdrawn from use for more than 24 hours due to a loss, other than a total theft, to that auto; and

      b. The loss is covered under Comprehensive Coverage or caused by collision, and the cause of loss is not otherwise excluded under Part D of this policy.

   2. We will reimburse you only for that period of time reasonably required to repair or replace your covered auto. If we determine your covered auto is a total loss, the rental period will end no later than seven days after we have made a settlement offer.

D. USAA Roadside Assistance. We will pay the reasonable costs you or any family member incurs for one of the following each time your covered auto is disabled:

   1. Mechanical labor up to one hour at the place of breakdown.

   2. Locksmith services to gain entry to your covered auto. This does not include the rekeying of locks following theft or misplacement of keys.

   3. Towing, to the nearest place where necessary repairs can be made during regular business hours, if the vehicle will not run or is stranded on or immediately next to a public road.

   4. Delivery of gas or oil to, or a change of tire on a disabled vehicle. However, we do not pay for the cost of these items.

LIMIT OF LIABILITY

A. Total loss to your covered auto. Our limit of liability under Comprehensive Coverage and Collision Coverage is the actual cash value of the vehicle, inclusive of any custom equipment.

   1. The maximum amount we will include for loss to custom equipment in or on your covered auto is $5,000.

5100SC(05) Rev. 06-15

0901119ca9572961

USAA Confidential

{PART D Cont'd.}

2. We will declare your covered auto to be a total loss if, in our judgment, the cost to repair it would be greater than its actual cash value minus its salvage value after the loss.

B. Other than a total loss to your covered auto:

1. Our limit of liability under Comprehensive Coverage and Collision Coverage is the amount necessary to repair the loss based on our estimate or an estimate that we approve, if submitted by you or a third party. Upon request, we will identify at least one facility that is willing and able to complete the repair for the amount of the estimate.

2. Our estimate may specify used, rebuilt, remanufactured, or non-Original Equipment Manufacturer (non-OEM) parts.

3. You may request that damaged parts be replaced with new Original Equipment Manufacturer (OEM) parts. You will be responsible, however, for any cost difference between the parts included in our estimate and the new OEM parts used in the repair.

4. We will not take a deduction for depreciation. We will take a deduction if prior damage has not been repaired. Prior damage does not include wear and tear.

C. Personal property contained in your covered auto. The limits of liability described below are separate from the limits available for a loss to your covered auto.

1. Our limit of liability under Comprehensive Coverage and Collision Coverage is the lesser of:

a. The amount necessary to replace the damaged or stolen property; or

b. $250.

2. We will not take a deduction for depreciation.

D. Under Rental Reimbursement Coverage, our maximum limits of liability are the limits of liability shown on the Declarations for Rental Reimbursement Coverage for that vehicle.

E. Under USAA Roadside Assistance, our limit of liability is the reasonable price for the covered service.

PAYMENT OF LOSS

We may pay for loss in money, or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to you or to the address shown on the Declarations. If we return stolen property, we will pay for any damage resulting from the theft. We may keep all or part of the damaged or stolen property and pay you an agreed or appraised value for it. We cannot be required to assume the ownership of damaged property. We may settle a claim either with you or with the owner of the property.

LOSS PAYABLE CLAUSE

Loss or damage under this policy will be paid, as interest may appear, to the named insured and the loss payee shown on the Declarations. This insurance, with respect to the interest of the loss payee, will not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion, or embezzlement of your covered auto. We may cancel the policy as permitted by policy terms and the cancellation will terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown on the Declarations. We may send notices to the loss payee either by mail or by electronic means. However, if the loss payee requests in writing that we not send notices, including a notice of cancellation, we will abide by that request. When we pay the loss payee we will, to the extent of payment, be subrogated to the loss payee's rights of recovery.

0901119ca9572961

USAA Confidential

{PART D Cont'd.}

## WAIVER OF COLLISION DEDUCTIBLE

We will not apply the deductible to loss caused by collision with another vehicle if all of these conditions are met:

1. The loss to your covered auto is greater than the deductible amount; and

2. The owner and driver of the other vehicle are identified; and

3. The owner or driver of the other vehicle has a liability policy covering the loss; and

4. The driver of your covered auto is not legally responsible, in any way, for causing or contributing to the loss.

## EXCLUSIONS

We will not pay for:

1. Loss to your covered auto which occurs while it is being used to carry persons for a fee. This exclusion (1.) does not apply to:

   a. A share-the-expense car pool; or

   b. Your covered auto used for volunteer work when reimbursement is limited to mileage expenses.

2. Damage due and confined to:

   a. Road damage to tires;

   b. Wear and tear;

   c. Freezing; or

   d. Mechanical or electrical breakdown or failure, including such damage resulting from negligent servicing or repair of your covered auto or its equipment. We will pay for ensuing damage only to the extent the damage occurs outside of the major component (such as

transmission/transaxle, electrical system, engine including cooling and lubrication thereof, air conditioning, computer, suspension, braking, drive assembly, and steering) in which the initial mechanical or electrical breakdown or failure occurs.

This exclusion (2.) does not apply if the damage results from the total theft of your covered auto, and it does not apply to USAA Roadside Assistance.

3. Loss due to or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

4. Loss to a camper body or trailer owned by you or any family member that is not shown on the Declarations. This exclusion (4.) does not apply to one you or any family member acquires during the policy period and asks us to insure within 30 days after you or any family member becomes the owner.

5. Loss to any nonowned vehicle when used by you or any family member without a reasonable belief that you or that family member is entitled to do so.

6. Loss to equipment designed or used to evade or avoid the enforcement of motor vehicle laws.

7. Loss to any nonowned vehicle arising out of its use by you or any family member while employed or otherwise engaged in auto business operations.

8. Loss to your covered auto while it is rented or leased to others, or shared as part of a personal vehicle sharing program.

9. Loss to any vehicle while it is being operated in, or in practice for, any driving contest or challenge.

10. Loss resulting from:

USAA Confidential

(PART D Cont'd.)

a. The acquisition of a stolen vehicle;

b. Any legal or governmental action to return a vehicle to its legal owner; or

c. Any confiscation or seizure of a vehicle by governmental authorities.

This exclusion (10.) does not apply to innocent purchasers of stolen vehicles for value under circumstances that would not cause a reasonable person to be suspicious of the sales transaction or the validity of the title.

11. Loss resulting from use in any illicit or prohibited trade or transportation.

12. Any loss arising out of any act committed:

a. By or at the direction of you or any family member; and

b. With the intent to cause a loss.

13. Loss caused by fungi, wet or dry rot, or bacteria. This means the presence, growth, proliferation, spread, or any activity of fungi, wet or dry rot, or bacteria. This exclusion (13.) does not apply to damage directly resulting from a loss covered under Comprehensive Coverage or Collision Coverage.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a nonowned vehicle will be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the nonowned vehicle.

2. Any other applicable physical damage insurance.

3. Any other source of recovery applicable to the loss.

This provision does not apply to USAA Roadside Assistance.

## APPRAISAL

If we and you do not agree on the amount of loss, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither we nor you waive any rights under this policy by agreeing to an appraisal.

# PART E - GENERAL PROVISIONS

## BANKRUPTCY

Bankruptcy or insolvency of the covered person, as defined in this policy, shall not relieve us of any obligations under this policy.

## CHANGES

A. The premium is based on information we have received from you and other sources. You agree to cooperate with us in determining if this information is correct and complete. You agree that if this information changes, or is incorrect or incomplete, we may adjust your premiums accordingly during the policy period.

0901119ca9572961

USAA Confidential

(PART E Cont'd.)

B. If, during the policy period, the risk exposure changes for any of the following reasons, we will make the necessary premium adjustments effective the date of change in exposure. Change in exposure means the occurrence of an event listed in B.1. through B.7. or in E. below, or a similar event that may increase or decrease the policy premium. You agree to give us notice of any exposure change as soon as is reasonably possible. Changes that may result in a premium adjustment include, but are not limited to, the following:

1. Change in location where any vehicle is garaged.

2. Change in description, equipment, purchase date, registration, cost, usage, miles driven annually, or operators of any vehicle.

3. Replacement or addition of any vehicle. A replacement or additional vehicle is a **newly acquired vehicle.**

4. Deletion of a vehicle. The named insured may request that a vehicle shown on the Declarations be deleted from this policy. The effective date of this change cannot be earlier than the date of the named insured's request unless we agree to an earlier date.

5. Change in date of birth, marital status, driver's license information, or driving record of any operator.

6. Addition or deletion of an operator.

7. Change, addition, or deletion of any coverage or limits.

C. We will make any calculations or adjustments of your premium using the applicable rules, rates, and forms as of the effective date of the change.

D. If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement that change in your location. This paragraph does not apply to changes implemented with a revision that includes both broadenings and restrictions in coverage. Otherwise, this policy includes all of the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

E. Deployment.

1. If, because of your active-duty deployment in one of the military services of the United States, you have reduced the coverage on your covered auto and placed the vehicle in storage, then, upon your return from the deployment, we will reinstate the coverage that was on the vehicle prior to the deployment-caused reduction beginning on the date the vehicle is removed from storage.

2. Any reinstatement of coverage under E.1. will apply for up to 60 days after the date you returned from deployment. If you wish to continue the reinstated coverage beyond the 60-day period, you must request it during the 60-day period. If you request reinstated coverage after this 60-day period, any coverage we agree to provide will be effective at the date and time of your request unless we agree to an earlier date.

3. You must pay an additional premium, as set out in Part E, Changes, B.7., for the reinstated coverage. However, if you return from deployment on furlough or emergency leave for a period of 30 days or less, we will waive any increase in the premium for the period of time you are on furlough or emergency leave, provided that no claim for coverage under this policy is made for a loss that occurs during that time period. If a loss occurs we will, as of the date of the loss, reinstate the coverage that was on the vehicle prior to the

0901119ca9572961

USAA Confidential

{PART E Cont'd.}

deployment-caused reduction, and you must pay an additional premium for that coverage.

## CONFORMITY TO LAW

If any of the terms of this policy conflict with state or local law, state or local law will apply.

## DUTIES AFTER AN ACCIDENT OR LOSS

We will not be required to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when, and where an accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person or entity seeking any coverage or payment of any benefits except payment under Part A — Liability must

1. Cooperate with us in the investigation, settlement, or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with a suit, accident or loss.

3. Submit, as often as we reasonably require:

   a. To physical exams by physicians we select. We will pay for these exams.

   b. To examination under oath. The examination must be signed.

4. Authorize us to obtain medical reports and other pertinent records.

5. Submit a proof of loss when required by us.

6. Promptly notify the police if a hit-and-run driver is involved.

C. A person seeking benefits under Part B — PIP Coverage must also submit a written proof of claim when required by us.

D. A person seeking coverage for PD under Part C — Uninsured Motorists Coverage and Underinsured Motorists Coverage, or coverage under Part D — Physical Damage Coverage must also:

1. Take reasonable steps after loss to protect your covered auto and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if your covered auto is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

## LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until we agree in writing that the covered person, as defined in Part A, has an obligation to pay, or the amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the liability of a covered person, as defined in this policy.

C. Unless we agree otherwise, any legal action against us must be brought in a court of competent jurisdiction in the county and state where the covered person lived at the time of the accident.

## MISREPRESENTATION

We do not provide any coverage under this policy for any person who has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance:

5100SC(05) Rev. 06-15

0901119ca9572961

USAA Confidential

(PART E Cont'd.)

1. At the time application was made; or

2. At any time during the policy period; or

3. In connection with the presentation or settlement of a claim.

## NON-DUPLICATION OF PAYMENT

When a claim, or part of a claim, is payable under more than one provision of this policy, we will pay the claim only once under this policy.

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we will be subrogated to that right. The person to or for whom payment was made shall do whatever is necessary to enable us to exercise our rights, and shall do nothing after loss to prejudice them. However, our rights in this paragraph do not apply:

1. Under Part B – Medical Payments Coverage or Part B – PIP Coverage.

2. Under Part C:

   a. To UM Coverage to the extent that such payment does not exceed the minimum limits specified by the South Carolina Motor Vehicle Financial Responsibility Act; or

   b. To UIM Coverage.

3. Under Part D, against any person using your covered auto with a reasonable belief that that person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment was made recovers damages from another, the person to or for whom payment was made shall hold in trust for us the proceeds of the recovery and reimburse us to the extent of our payment. However, our rights in this paragraph do not apply:

1. Under Part B – Medical Payments Coverage or Part B – PIP Coverage.

2. Under Part C, to UIM Coverage.

C. With respect to payments under Part C – UM Coverage:

1. If a covered person has prosecuted to judgment a suit against any party at fault, we will be entitled to an assignment of the judgment to the extent of payment under this insurance that does not exceed the minimum limits specified by the South Carolina Motor Vehicle Financial Responsibility Act.

2. We will pay our proportionate part of any reasonable costs and expenses incurred for any recovery, including reasonable attorneys' fees. However, we reserve the right to retain an attorney of our choice to pursue a claim instead of reasonable attorneys' fees.

3. If a covered person making a claim for PD under Part C of this policy is also entitled to any other compensation for the PD, we will not be obligated to pay a claim until the covered person has assigned us the rights to the compensation. This applies only to the extent of payment under UM Coverage that does not exceed the minimum limit specified by the South Carolina Motor Vehicle Financial Responsibility Act.

D. If the covered person, as defined in this policy, recovers from the party at fault and we share in the recovery, we will pay our share of the legal expenses. Our share is that percent of the legal expenses that the amount we recover bears to the total recovery. This does not apply to any amounts recovered or recoverable by us from any other insurer under any inter-insurer arbitration agreement.

E. If we make payment for a claim under Part A, and the covered person, as defined in Part A:

5100SC(05) Rev. 06-15

0901119ca9572961

USAA Confidential

(PART E Cont'd.)

1. Knowingly concealed or misrepresented any material fact or circumstance relating to this insurance; or

2. Failed or refused to comply with the duties specified in this policy and prejudiced our defense of the liability claim by such failure or refusal;

then, the **covered person** shall reimburse us to the extent of our payment and cost of defense.

F. **If we** make payment for a claim under Part D and **you** or any **family member** has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance, then **you** shall reimburse us to the extent of our payment.

## OWNERSHIP

For purposes of this policy, a vehicle is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months.

## POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur during the policy period as shown on the Declarations and within the policy territory. The policy territory is the United States of America (USA), its territories and possessions, Puerto Rico, and Canada, including transportation of **your covered auto** between any ports of these locations.

B. The policy territory also includes Mexico, subject to the following conditions:

1. All coverages afforded by the policy are extended to include coverage during trips into Mexico. This applies only to loss or accident that occurs within 75 miles of the USA border.

2. Any liability coverage afforded by the policy is extended to include the remainder of Mexico, but only if **you** have valid and collectible liability coverages from a licensed Mexican

insurance company at the time of loss. This paragraph (B.2.) applies only if the original liability suit for BI or PD is brought in the USA.

3. Coverage under this policy does not extend:

a. To any **covered person**, as defined in this policy, who does not live in the USA.

b. To any **covered person**, as defined in this policy, occupying a vehicle which is not principally garaged and used in the USA.

c. To any vehicle which is not principally garaged and used in the USA.

4. The words "state or province" as used in the Out of State Coverage provision in Part A of the policy do not include a "state or province" of Mexico.

5. Losses payable under Part D of the policy will be paid in the USA. If the vehicle must be repaired in Mexico, our limit of liability will be determined at the nearest point in the USA where repairs can be made.

6. Any insurance **we** provide will be excess over any other similar valid and collectible insurance.

## REDUCING THE RISK OF LOSS

**We** may occasionally provide **you** with products or services that assist **you** in preventing or reducing the risk of loss, and may provide an incentive for **your** use of these items.

## SPOUSE ACCESS

A. The named insured and **we** agree that the named insured and resident spouse are "customers" for purposes of state and federal privacy laws. The resident spouse will have access to the same information

5100SC(05) Rev. 06-15

USAA Confidential

{PART E Cont'd.}

available to the named insured and may initiate the same transactions as the named insured.

B. The named insured may notify us that he/she no longer agrees that the resident spouse shall be treated as a "customer" for purposes of state and federal privacy laws, and we will not permit the resident spouse to access policy information.

## TERMINATION

A. Cancellation. This policy may be cancelled during the policy period as follows:

1. You may cancel this policy at any time, but the effective date of cancellation cannot be earlier than the date of the request unless we agree to an earlier date.

2. We may cancel this policy by sending notice to the named insured shown on the Declarations. This cancellation notice may be delivered to the named insured, mailed by postal mail to the most recent address you provided to us or sent electronically if we have your consent and agreement on file to receive documents electronically. In any event, we will give at least 15 days notice.

3. During the first 90 days this policy is in effect, the policy may be cancelled for any reason.

4. After this policy is in effect for 90 days, or if this is a renewal policy, we will cancel only:

   a. For nonpayment of premium;

   b. If your driver's license, or that of any driver who either resides in your household or customarily operates your covered auto, has been suspended or revoked. This must have occurred:

      (1) During the policy period; or

      (2) During the 90 days immediately preceding the last anniversary of the effective date.

   c. For any other reason not prohibited by law.

B. Nonrenewal. If we decide not to renew this policy, we will send notice to the named insured shown on the Declarations. This notice may be delivered to the named insured, mailed to you by postal mail to the most recent address you provided to us or sent electronically if we have your consent and agreement on file to receive documents electronically. In any event, notice will be sent at least 15 days before the end of the policy period.

C. Automatic Termination. If we offer to renew and you do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due will mean that you have not accepted our offer.

D. Other Termination Provisions.

1. Proof of mailing or electronic transmission of any notice will be sufficient proof of notice.

2. If this policy is cancelled, the named insured shown on the Declarations may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice will become the end of the policy period.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

A. Your rights and duties under this policy may not be assigned without our written consent. However, if the named insured

0901119ca9572961                    USAA Confidential

(PART E Cont'd.)

shown on the Declarations dies, we will provide coverage until the end of the policy period for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if the named insured shown on the Declarations; and

2. The legal representative of the deceased person as if the named insured shown on the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use your covered auto.

## TWO OR MORE AUTO POLICIES

A. If this policy and any other auto insurance policy we issued to you apply to the same accident, the maximum limit of our liability under all the policies will not exceed the highest applicable limit of liability under any one policy.

B. This provision does not apply to Part C – UM Coverage and UIM Coverage.

Copyright, USAA, 2011. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.

5100SC(05) Rev. 06–15

0901119ca9572961

USAA Confidential

THIS PAGE INTENTIONALLY LEFT BLANK

0901119ca9572961

USAA Confidential