# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 2:21-cv-01689-DCN<br>)<br>) **ORDER** |
| VINCENT J. RAFFERTY, JR., *as personal representative of* THE ESTATE OF MEGAN WALTERS JENKINS, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

      Through this action, plaintiff USAA Casualty Insurance Company ("USAA CIC") seeks a declaration that an automobile policy issued to Megan Jenkins does not provide underinsured motorist ("UIM") property damage coverage for a September 8, 2019 accident due to the policy terms limiting UIM property damage coverage to property damage to a covered auto. The issue in this case is whether such policy terms are enforceable under South Carolina law.

      The following matter is before the court on a motion to certify filed by defendant Vincent J. Rafferty, Jr. ("Rafferty"), as personal representative of the Estate of Megan Walters Jenkins ("Jenkins"). USAA CIC filed a response to Rafferty's motion to certify, stating that it does not object to the motion to certify but believes that there is sufficient state case law to answer the outcome determinative question in this case.[1] State case law

---

[1] USAA CIC's response also pointed out that there is a pending South Carolina Court of Appeals case addressing this issue: Nationwide Affinity Insurance Co. of America v. Green, Appellate Case No. 2021-000243. However, that case has not been decided at this time.

1

on this issue appears to be unsettled. For this reason, and because resolution of this issue has broader implications for consumers and the insurance industry, the court concludes it should certify the determinative question of law to the South Carolina Supreme Court pursuant to South Carolina Appellate Court Rule 244(a).

## I.  STANDARD

South Carolina Appellate Court Rule 244(a) states:

> The Supreme Court in its discretion may answer questions of law certified to it by any federal court of the United States . . . when requested by the certifying court if there are involved in any proceeding before that court questions of law of this state which may be determinative of the cause then pending in the certifying court when it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.

S.C. App. Ct. R. 244(a). Federal courts "may avail themselves of state certification procedures" when a case involves "unsettled questions of state law." Arizonans for Off. Eng. v. Arizona, 520 U.S. 43, 79 (1997); Lehman Bros. v. Schein, 416 U.S. 386, 394 (1974) (Rehnquist, J., concurring) ("State certification procedures are a very desirable means by which a federal court may ascertain an undecided point of state law . . . .").

## II.  BACKGROUND

USAA CIC brought this declaratory action seeking a declaration that one of its Policy provisions is enforceable, resulting in no UIM property damage coverage being available for a September 8, 2019 collision. USAA CIC issued a South Carolina personal auto policy, Policy No. 01772 52 65C 7102 7, to Jenkins with effective dates of August 15, 2019 to February 15, 2020 (the "Policy"). The Policy lists a 2013 Toyota Corolla as the insured vehicle. The USAA CIC Policy provides an underinsured motorist property damage coverage limit of $100,000 each accident. The Policy provides in pertinent part:

**DEFINITIONS**
\*\*\*

O. "**Your Covered Auto**" means:
   1. Any vehicle shown on the Declarations.
   2. Any **newly acquired vehicle.**
   3. Any **trailer you** own.

\*\*\*

**PART C – UNINSURED MOTORISTS COVERAGE** (referred to as UM Coverage) and **UNDERINSURED MOTORISTS COVERAGE** (referred to as UIM Coverage)

\*\*\*

**INSURING AGREEMENT**

\*\*\*

B. **UIM Coverage**
   1. **We** will pay the following damages which a **covered person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of an auto accident:

      a. **BI** sustained by a **covered person**; and
      b. **PD** to **your covered auto**.

ECF No. 1-1 at 12, 21–22, 24 (emphases in original). Thus, under the terms of the Policy, UIM property damage coverage is limited to property damage to a "your covered auto."

On September 8, 2019, Jenkins was riding her bicycle on the shoulder of US 78 in Dorchester County, South Carolina when she was struck by a motor vehicle operated by Lindsay Walters. Jenkins's bicycle does not qualify as a "your covered auto" under the terms of the Policy. No "your covered auto" was involved in the September 8, 2019 accident.

Both parties agree that the outcome determinative issue in this case is the enforceability of the above USAA CIC Policy provision, which provides UIM property damage coverage only for property damage to "your covered auto." Both parties agree that if such provision is enforceable, then there is no available UIM property damage

coverage for Defendant's claim but that if it is not enforceable, USAA must pay the UIM property damage coverage, plus interest, to Defendant. See ECF No. 8-2 at 2–3.

### III.  QUESTION OF LAW

Resolution of this action turns on the following question of law:

> Under South Carolina law, may an auto insurer validly limit underinsured motorist property damage coverage to property damage to vehicles defined in the policy as "covered autos"?

### IV.  DISCUSSION

According to the South Carolina Supreme Court's decision in Nationwide Insurance Co. of America v. Knight, courts have "no authority to invalidate an automobile insurance policy provision" on the basis that it violates public policy unless the "policy provision violates a statute." 858 S.E.2d 633, 635 (S.C. 2021).

South Carolina insurance statutes provide the following framework to begin the analysis:

- Automobile insurers like USAA CIC are required to offer and, if selected by an insured, to provide UIM coverage "up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist." S.C. Code Ann. § 38-77-160.

- An "underinsured motor vehicle" is a vehicle covered by liability insurance equal to or more than the minimum limits required by South Carolina law but "less than the amount of an insured's damages." S.C. Code Ann. § 38-77-30(15).

- "Damages" are defined as "actual and punitive damages," S.C. Code Ann. § 38-77-30(4), and actual damages include both bodily injury and property damage. S.C. Code Ann. § 38-77-140(A). See also Gov't Emps. Ins. Co. v. Poole, 817 S.E.2d 283, 285–86 (S.C. 2018).

Given these statutes, the question is whether an insurer like Plaintiff may limit UIM property damage coverage to certain, specified types of property damage (for

4

example, "your covered autos" only, as in the USAA CIC Policy) or whether it must cover all of an insured's property damages, regardless of type.

The primary South Carolina appellate court decisions related to this issue are: (1) <u>Glasscock, Inc. v. United States Fidelity & Guaranty Co.</u>, 557 S.E.2d 689 (S.C. Ct. App. 2001); and (2) <u>Bardsley v. Government Employees Insurance Co.</u>, 747 S.E.2d 436 (S.C. 2013), each of which are discussed below. These appellate court decisions discuss South Carolina Code § 38-77-160, which is the UIM statute. The parties have cited additional decisions, which are also discussed below.

### A. <u>Glasscock</u>

In <u>Glasscock, Inc. v. United States Fidelity & Guaranty Co.</u>, the policy at issue did not include loss of use damages as property damages in the UIM endorsement. 557 S.E.2d at 692. The court examined South Carolina Code § 38-77-160, which provides:

> Automobile insurance carriers shall offer . . . at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist . . . .

<u>Id.</u> (quoting S.C. Code § 38-77-160). The court held that the "up to the limits of the insured liability coverage" language in § 38-77-160 required the insurer "to provide the same type of coverage, not just the same dollar limit" as its liability coverage and reformed the UIM endorsement to include loss of use damages within its definition of property damage. <u>Id.</u> at 693.

### B. <u>Bardsley</u>

In the South Carolina Supreme Court case of <u>Bardsley v. Government Employees Insurance Co.</u>, the court addressed whether an auto policy's "other insurance" provision,

5

which resulted in that insurer providing no UIM property damage coverage for an accident, was enforceable. 747 S.E.2d at 438–39. The court stated:

> Section 38-77-160 requires that an insurer "offer . . . underinsured motorist coverage . . . ." An "underinsured motor vehicle" is statutorily defined as "a motor vehicle as to which there is bodily injury insurance liability . . . at the time of the accident in an amount of at least that specified in Section 38-77-140 and the amount of the insurance . . . is less than the amount of the insureds' damages." S.C. Code § 38-77-30(15) (2002). Thus, UIM property damage coverage is not statutorily mandated, and the "other insurance" provision does not conflict with the public policy expressed in section 38-77-160.

Id. at 441. The court held that the provision was enforceable. Id. at 443.

### C. Additional Cases

Both parties also cite to additional cases which relate to the scope of UIM coverage.

#### 1. Carter

The Supreme Court decision of Carter v. Standard Fire Insurance Co., 753 S.E.2d 515 (S.C. 2013), discussed whether public policy prohibited an insurance policy provision limiting a Class I insured's ability to stack UIM coverage and rejected the insurer's argument that the "voluntary" nature of UIM coverage allowed it to enforce the provision:

> While true, as Standard Fire suggests, we have stated that UIM is not mandatory coverage in the sense that an insured chooses to purchase excess UIM coverage on a vehicle and a specified amount is not required by statute, we have held it is a statutorily required coverage in the sense it is required to be offered. Our precedents, read in the context of section 38-77-160, unequivocally require the insurer to provide coverage in an amount equal to the excess UIM coverage purchased on the vehicle involved in the accident. Thus, because [the plaintiff], a Class I insured under the Policy, purchased UIM coverage on the vehicle involved in the accident, the statute requires he be permitted to stack UIM coverages on the at-home vehicles.

Id. at 521–22.

6

### 2. Horry

In State Farm Mutual Automobile Insurance Co. v. Horry, the Supreme Court recognized that the South Carolina legislature had never previously defined "underinsured motor vehicle" but then did so in South Carolina Code § 38-77-30. 403 S.E.2d 318, 319 (S.C. 1991). That case states that through the statutory definition of "underinsured motor vehicle," the legislature consciously chose to "define the scope and nature of UIM coverage." Id. at 320. Such definition is limited to bodily injury coverage and does not include property damage coverage. S.C. Code Ann. § 38-77-30(15) ("'Underinsured motor vehicle' means a motor vehicle as defined in item (9) as to which there is bodily injury liability insurance or a bond applicable at the time of the accident in an amount of at least that specified in Section 38-77-140 . . . .").

### V.   CONCLUSION

Given the foregoing case law and statutes, the validity of the Policy provision raises an unsettled issue of state law. It is unclear whether South Carolina insurance statutes provide a basis for invalidating the provision or whether Section 38-77-160 only addresses UIM bodily injury coverage. Moreover, the enforceability of this type of policy provision has broad implications for both insurance consumers and insurers. This is true for all auto accidents where UIM coverage is claimed but no insured vehicle is involved. Given the broader implications of this legal issue, the court concludes it should defer to the South Carolina Supreme Court. Therefore, the court finds that certification of the above question to the South Carolina Supreme Court is appropriate under Rule 244(a) of the South Carolina Appellate Court Rules, and certifies the question set forth

above under the "Question of Law" section to that Court for consideration in its discretion.

    **AND IT IS SO ORDERED.**

                                   **DAVID C. NORTON**
                                   **UNITED STATES DISTRICT JUDGE**

**November 23, 2021**
**Charleston, South Carolina**