# EXHIBIT C

# Order from Circuit Court Approving Partial Wrongful Death Settlement

## Case no. 2021-CP-18-00316

ELECTRONICALLY FILED - 2021 Jul 27 3:43 PM - DORCHESTER - COMMON PLEAS - CASE#2021CP1800316

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF DORCHESTER | CIVIL ACTION NO. 2021-CP-18-00316 |
| Vincent J. Rafferty, Jr., as Personal Representative of The Estate of Megan Walters Jenkins, | [PROPOSED] ORDER APPROVING SURVIVAL ACTION AND WRONGFUL DEATH SETTLEMENT |
| PETITIONER, | |
| v. | |
| Lindsay N. Walters, | |
| RESPONDENT. | |

This matter comes before the Court on the verified Petition of Vincent J. Rafferty, Jr. ("Petitioner"), as Personal Representative of the Megan Walters Jenkins ("Estate"), deceased, pursuant to S.C. Code § 15-51-41, et seq. for an order approving the settlement of the following claims: (a) Wrongful Death action pursuant to S.C. Code § 15-51-10, et seq.; and (b) Survival action pursuant to S.C. Code §15-5-90. The Petition is incorporated herein by reference and fully made a part of this Order.

It is represented that the terms of the settlement proposed between the parties calls for payment by State Farm Fire Insurance Company ("State Farm") on behalf of the Defendant Lindsay Walters, to Vincent J. Rafferty, Jr., as Personal Representative of the Estate of Megan Walters Jenkins, in the amount of Fifty Thousand and 00/100 Dollars (50,000.00), which represents the combined bodily injury and property damage liability insurance policy limits, and payment by USAA Casualty Insurance Company ("USAA"), pursuant to the decedent's Uninsured Motorist (UIM) bodily injury coverage, in the amount of One Hundred Thousand and No/100 ($100,000.00), which represents the UIM bodily injury policy limits, and Ten Thousand and No/100 ($10,000.00), which represents the USAA Personal Injury Protection policy limits.

The total amount of this settlement being $160,000.00. The personal representative shall execute a Covenant Not to Execute in favor of Lindsay Walters.

The Court has reviewed the Petition to Approve Settlement for Survival Action and Wrongful Death and finds that the settlements tendered by the State Farm and USAA as set forth above, is fair and reasonable, and in the best interest of the Estate of Megan Walters Jenkins and the decedent's statutory beneficiaries and/or heirs at law under the circumstances. The settlement proceeds shall be apportioned as follows:

a. Survival Action               $25,000.00

b. Wrongful Death Action         $135,000.00

A dispute remains between the petitioner and USAA with respect to the applicability and availability of the UIM property insurance coverage available for this claim through USAA. Petitioner is seeking the full amount of the UIM property damages limits from USAA. USAA disputes that the insurance policy purchased by the decedent provides UIM property damage coverage with respect to the subject incident. No release has been provided by USAA in exchange for the tender of the UIM bodily injury coverage, nor has one been entered into between the parties.

The parties have stipulated that, and this Court approves, that after this Order is entered, Petitioner shall retain the right to pursue all possible claims related to the subject incident and subsequent acts or omissions by USAA, including but not limited to the recovery of the USAA UIM property damage insurance coverage, and/or any other insurance policies with the potential for coverage for the subject incident that may be identified in the future. Petitioner shall retain the right to litigate claims against Lindsay Walters and USAA to pursue and seek recovery for any and all past, current, and future claims and that may exist or arise against Lindsay Walters and/or USAA and seek recovery from USAA and any other insurance carriers or other sources of

ELECTRONICALLY FILED - 2021 Jul 27 3:43 PM - DORCHESTER - COMMON PLEAS - CASE#2021CP1800316

recovery that may apply now or in the future. Petitioner shall retain the right to pursue and litigate these matters for a judicial determination of whether the USAA UIM property damage coverage is available for the subject incident and seek recovery for the same.

Furthermore, the Court has reviewed the Orders attached as Exhibits "A" and "B" to the Petition. The Court finds that the decedent died leaving her spouse, Andrew Moffat Jenkins. The Court also finds that prior to the incident giving rise to this action, the Decedent and her spouse reached a full and complete separation agreement, which was reduced to writing and approved by the Dorchester County Family Court on February 15, 2019, by The Honorable William Wylie, Jr. The separation settlement agreement approved by the Court provided that "[e]ach specifically waives and releases any claim to share in the other's estate or to serve as personal representative or executor of the other's estate except by will or codicil dated after the date of this Agreement." *See Final Order (Approval of Agreement), Megan Walters Jenkins v. Andrew Moffatt Jenkins*, Hon. William Wylie, Jr., dated February 15, 2019, Case No. 2018-DR-18-1165.

Subsequently, the Dorchester County Probate Court affirmed that the Decedent's spouse voluntarily waived any claim or interest in the Estate of Megan Jenkins and was therefore disinherited from receiving any portion of the proceeds of these wrongful death and survival claims. *See Order Approving Sale of Real Estate, In re: Megan Walters Jenkins*, Hon. Molly D. Edwards, dated April 1, 2020, Case No. 2019-ES-18-00541.

The Court finds that the separation agreement reached between Decedent and Andrew Moffatt Jenkins resulted in a mutual waiver and release by the Decedent and Andrew Moffat Jenkins to any claim to share in the other's estate, including all settlement proceeds related to the incident giving rise to this action. Therefore, this Court finds that Andrew Moffatt Jenkins is not entitled to any settlement proceeds.

3

As the decedent had no children at the time of her death, this Court finds that her parents, Mr. Vincent J. Rafferty, Jr., and Mrs. Rebecca Rafferty, are the next heirs in line to take from the decedent's estate.

NOW, THEREFORE, IT IS ORDERED that the compromise settlement, as recited in the Petition, be and hereby is approved as a fair, just and reasonable settlement of the contest and controversy existing between the Estate of Megan Walters Jenkins, her heirs and beneficiaries and Lindsay Walters, State Farm, and USAA.

IT IS FURTHER ORDERED THAT Petitioner shall retain the right to pursue all possible claims related to the subject incident and subsequent acts or omissions by USAA, including but not limited to the recovery of the USAA UIM property damage insurance coverage, and/or any other insurance policies with the potential for coverage for the subject incident that may be identified in the future. Petitioner shall retain the right to litigate claims against Lindsay Walters to pursue the disputed USAA UIM property damage coverage, and to seek recovery for any and all past, current, and future claims and that may exist or arise against Lindsay Walters and/or USAA and seek recovery from USAA and any other insurance carriers or other sources of recovery that may apply now or in the future. Petitioner shall retain the right to pursue and litigate these matters for a judicial determination of whether the USAA UIM property damage insurance coverage, or any other insurance coverage, is available for claims arising out the subject incident and seek recovery for the same.

IT IS FURTHER ORDERED that Personal Representative Vincent J. Rafferty is hereby instructed to execute the covenant not to execute judgment in favor of Lindsey Walters, and is authorized and directed to consummate the said settlement for and on behalf of the referenced Estate and decedent's statutory beneficiaries and/or heirs at law or appropriate devisees of the

4

Estate as required by law, and to execute the appropriate settlement agreements, in consideration of the payment of the sum set forth above and other valuable consideration; and

IT IS FURTHER ORDERED that payment of the settlement funds by the liability insurance carrier, State Farm, shall relieve and discharge the Lindsay Walters and State Farm from further liability and all obligations or legal duties to see to the appropriate or proper distribution of the settlement proceeds in accordance with S. C. Code Ann. §15-51-42(E); and

IT IS FURTHER ORDERED that, upon payment as aforesaid to the Personal Representative, the obligations of the uninsured motorist carrier, USAA, with respect to the bodily injury UIM coverage, are fully and completely released and finally and forever discharged from any further responsibility in connection with the death of Megan Walters Jenkins with respect to the UIM bodily injury insurance coverage.

IT IS FURTHER ORDERED that attorneys' fees, costs, and other disbursements as set forth in the Disbursement Statement are approved and that the Personal Representative and his attorneys, be and is hereby authorized and directed to make disbursements in accordance with the Disbursement Statement.

IT IS FURTHER ORDERED that the Petitioner shall resolve all outstanding bills, liens, or expenses from this accident out of the settlement proceeds including any liens arising from medical services and/or treatment rendered to Megan Jenkins (listed above), and any lien held by the government of the United States or the State of South Carolina, including but not limited to any liens pursuant to any Medicare or Medicaid program. Petitioner agrees to properly distribute these settlement proceeds to decedent's statutory beneficiaries and/or heirs at law or appropriate devisees of the Estate as required by law

AND IT IS SO ORDERED.

ELECTRONICALLY FILED - 2021 Jul 27 3:43 PM - DORCHESTER - COMMON PLEAS - CASE#2021CP1800316

                                                        Hon. Edgar Dickson

_____, South Carolina.

Dated: _____

6

ELECTRONICALLY FILED - 2021 Jul 27 3:43 PM - DORCHESTER - COMMON PLEAS - CASE#2021CP1800316



Dorchester Common Pleas

**Case Caption:**   Vincent J Rafferty Jr , plaintiff, et al VS Lindsay N Walters

**Case Number:**   2021CP1800316

**Type:**   Order/Approval Of Settlement

So Ordered

s/ Edgar W. Dickson #2153

Electronically signed on 2021-07-27 15:22:55     page 7 of 7